ELLEN F. ROSENBLUM
Attorney General

LISA M. UDLAND
Deputy Attorney General

# DEPARTMENT OF JUSTICE
TRIAL DIVISION

December 4, 2022

The Honorable Karin J. Immergut
U.S. District Court for the District of Oregon

Re: *Oregon Firearms Federation, Inc. v. Brown*, No. 2:22-cv-01815-IM
*Fitz v. Rosenblum*, No. 3:22-cv-01859-IM
*Eyre v. Rosenblum*, No. 3:22-cv-01862-IM
*Azzopardi v. Rosenblum*, No. 3:22-cv-01869-IM

Dear Judge Immergut,

Your Honor is presiding over four cases asserting that Measure 114 is unconstitutional: *Oregon Firearms Federation, Inc. v. Brown*, No. 2:22-cv-01815-IM ("*Oregon Firearms*"); *Fitz v. Rosenblum*, No. 3:22-cv-01859-IM ("*Fitz*"); *Eyre v. Rosenblum*, No. 3:22-cv-01862-IM ("*Eyre*"); *Azzopardi v. Rosenblum*, No. 3:22-cv-01869-IM ("*Azzopardi*"). I represent the State Defendants in all four. I am writing today to inform you that, in light of new information, the State agrees that the Court should postpone one aspect of Measure 114.

Together, the various cases make three basic challenges to Measure 114:

1. Facial challenges to Measure 114's restrictions on large capacity magazines (*Oregon Firearms*, *Fitz*, and *Eyre*);
2. Facial challenges to Measure 114's permit-to-purchase provisions (*Oregon Firearms* and *Eyre*); and
3. Challenges based on whether the permit-to-purchase provisions can be implemented by December 8, 2022 (*Eyre* and *Azzopardi*).

The hearing last Friday addressed the first two types of challenge, the first in more depth than the second. But because neither *Oregon Firearms* nor *Fitz* raised any claims based on whether Measure 114 could be implemented on December 8, the third type of challenge was not addressed. Plaintiffs in *Eyre* and *Azzopardi*, however, have moved for provisional relief based on anticipated implementation difficulties. The State's response to those motions is due by 9:00 p.m. Tuesday, December 6.

In its response, the State Defendants will agree that implementation challenges require postponing implementation of one aspect of Measure 114. Specifically, the State agrees that the Court should enter an order providing a limited window in which Oregonians will be able to purchase firearms even if they do not have a permit, while also allowing Oregonians to apply for and be issued permits. We intend to reach out to Plaintiffs in *Eyre* and *Azzopardi* within the next day to discuss a proposed stipulation that allows this window.

The State's response on Tuesday will explain this position and our proposed stipulation in more detail. Succinctly, local law enforcement partners have made it clear that necessary pieces of the permit to purchase system will not be in place by December 8. Most significantly, Measure 114 requires a person applying for a permit to purchase a firearm to present their police chief or county sheriff with "proof of completion of a firearm safety course." § 4(1)(b)(D). After the Court's December 2 hearing, the State learned from local law enforcement agencies that one element of the safety course—an "[i]n-person demonstration ... before an instructor certified by a law enforcement agency," Measure 114 § 4(8)(c)(D)—will not be available by December 8. Associations representing local law enforcement also informed the Court of this and other limitations that they perceive. The Executive Director of the Oregon State Sheriffs' Association, Jason Myers, and the Executive Director of the Oregon Association of Chiefs of Police, Kevin L. Campbell, submitted declarations in *Eyre* confirming that the Sheriffs' Association is "working on the development of a training course to meet Measure 114's requirement" (Decl. of Jason Myers (ECF #10) ¶ 11) but that an "operational permit system" will not be in place by December 8. (*Id.* ¶ 12; Decl. of Kevin L. Campbell (ECF #9) ¶¶ 8, 10.)

As such, it has become clear that the police chiefs and sheriffs (who serve as the sole permitting agents under Measure 114) will not be prepared to issue permits on December 8. Executive Director Myers represented that it will take "at least another month" to prepare an operational permit system. (Myers Decl. ¶ 12.)

The State is committed to working cooperatively with its partners in local law enforcement. For Measure 114 to meet its goal of "enhance[ing] public health and safety in all communities," it is critical that local law enforcement has adequate time to effectively implement the Measure. The State hopes that it can reach a narrow and brief stipulation with the *Eyre* and *Azzopardi* plaintiffs to achieve this goal.

The State's position that Measure 114 is constitutional on its face remains the same. As our briefing will explain, there is no basis to enjoin Measure 114's provisions governing the *issuance* of permits to purchase (§§ 4–5), its restrictions on large-capacity magazines (§ 11), or various provisions requiring completed background checks when firearms are purchased.

The State's proposed postponement would mean that, while the permitting system is brought online, Oregonians who lack a permit will be able to purchase and transfer firearms. Meanwhile, the State and local law enforcement would continue to work towards implementing Measure 114's permit provisions. Moreover, Oregonians would be able to begin the application process. When the Court's order expires, Measure 114's permit requirement for purchases would go into effect.

      Because implementation issues were not raised by the plaintiffs in *Fitz* or *Oregon Firearms*, this proposal should not affect the Court's forthcoming rulings on the motions argued Friday.  The State looks forward to the Court's rulings on those motions.

                                      Sincerely,

                                        *s/Brian Simmonds Marshall*

                                      Brian Simmonds Marshall
                                      Senior Assistant Attorney General


cc by ECF:    All counsel of record.