John Kaempf, OSB #925391
KAEMPF LAW FIRM PC
2021 SW Main Street, Suite 64
Portland, Oregon 97205
Telephone: (503) 224-5006
Email: john@kaempflawfirm.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC. an Oregon public benefit corporation; BRAD LOHREY, SHERMAN COUNTY SHERIFF; and ADAM JOHNSON, an individual,<br><br>                      Plaintiffs,<br>    v.<br><br>KATE BROWN, GOVERNOR OF THE STATE OF OREGON, in her official capacity; and ELLEN ROSENBLUM, ATTORNEY GENERAL OF THE STATE OF OREGON, in her official capacity,<br><br>                      Defendants. | Civil No. 2:22-cv-01815-IM<br><br>**PLAINTIFFS' SUPPLEMENTAL LEGAL AUTHORITIES IN SUPPORT OF EMERGENCY MOTION FOR PRELIMINARY INJUNCTION** |

Pursuant to the Court's Order (ECF 12) granting Plaintiffs leave to file their Supplemental Authority in Support of Emergency Motion for Preliminary Injunction, Plaintiffs present these supplemental legal authorities:

Page 1 –   PLAINTIFFS' SUPPLEMENTAL LEGAL AUTHORITIES

## The status of the Ninth Circuit's decision in *Duncan v. Bonta*

**First**, this memorandum adds important details to supplement footnote 4 of Plaintiffs' Motion. It addresses status of a Ninth Circuit case addressing constitutional challenges to California's virtually identical gun magazine restriction. In *Duncan v. Bonta*, 19 F.4th 1087, CA9 2021), decided a year <u>before</u> *New York State Rifle & Pistol Assn., Inc. v. Bruen,* 142 S. Ct. 2111, (2022), the Ninth Circuit, sitting En Banc, held that California's similar law is constitutional.

But then, on June 30, 2022, shortly after *Bruen* was decided, the Supreme Court granted certiorari in *Duncan*; vacated the Ninth Circuit's judgment; and remanded to the Ninth Circuit for further consideration in light of *Bruen*. *Duncan v. Bonta*, 142 S. Ct. 2895 (June 30, 2022).

Then, on September 23, 2022, the Ninth Circuit held: "The judgment in this case is vacated;" and "this case is remanded to the district court for further proceedings consistent with" *Bruen*. *Duncan v. Bonta*, 49 F.4th 1228, 1231 (CA9, September 23, 2022 Mem.).

Plaintiffs here respectfully submit that given that the En Banc opinion by the Ninth Circuit in *Duncan* is now vacated—and it applied the "means-end" scrutiny *Bruen* now prohibits—and not the new controlling *Bruen* test—its decision in *Duncan* will likely be reversed by the Supreme Court.

**Second**, Plaintiffs briefly cite and discuss below **9** district court decisions decided since *Bruen*—and applying *Bruen*—and striking down and enjoining state and federal gun control statutes as unconstitutional.

*See, e.g.*:

(1) *Rocky Mountain Gun Owners v. Board of County Commissioners of Boulder County*, 2022 WL 4098998 (D. Co. August 30, 2022) (striking down and enjoining a Boulder County ordinance that "prohibits the sale and purchase of assault weapons," and "large-capacity magazines.").

(2) *Antonyuk v. Hochul*, 2022 WL 16744700, (ND NY November 7, 2022) (striking down and enjoining New York's concealed carry permit law requiring applicants to show "good moral character," and a list of their social media accounts).

(3) *Christian v. Negrelli*, 2022 WL 17100631 at *1, (WD NY November 22, 2022) ("Another one of New York's new restrictions imposed in the immediate aftermath of the Supreme Court's *Bruen* decision is the private property exclusion. That new provision makes it a felony for a license holder to possess a firearm on all private property, unless the relevant property holders actually permit such possession with a sign or by express consent."

The Supreme Court's cases addressing the individual's right to keep and bear arms dictate "that New York's private property exclusion is equally unconstitutional. Regulation in this area is permissible only if the government demonstrates that the current enactment is consistent with the Nation's historical tradition of sufficiently analogous regulations. As set forth below, New York fails that test." Thus, "the motion for a preliminary injunction enjoining Defendants' enforcement of this private property exclusion is granted.").

(4) *Rigby v. Jennings*, 2022 WL 4448220, and n.13 (D. Del. September 23, 2022) (applying *Bruen*, and enjoining a Delaware law prohibiting manufacturing or assembling

KAEMPF LAW FIRM PC
2021 SW Main Street, Suite 64
Portland, Oregon 97205
Telephone: 503-224-5006

"untraceable" firearms, and denying Defendant's motion to dismiss. And noting that, under *Bruen*, it is "**Defendant's** burden to prove that the challenged regulation does not implicate the Second Amendment." And "the Court finds that defendant has *not* demonstrated that" these laws are "consistent with the nation's historical tradition of firearm regulation.") (emphasis added).

(5) *Hardaway v. Seaman*, 2022 WL 11669872, (WD NY October 20, 2022) (enjoining a New York law making it a felony for a concealed carry license holder to possess a firearm at "any place of worship or religious observation.").

(6) *Hardaway v. Seaman*, 2022 WL 16646220 at *17-19, and n.1, n.23, (WD NY November 3, 2022 (superseding its prior Order (above), but "including the analysis" from the prior decision "so that all relevant points are in one document." And holding "New York's place of worship exclusion violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." (citing *Bruen*). And *"*the preliminary injunction is not limited to the individual plaintiffs, but includes Plaintiffs Firearms Policy Coalition, and Second Amendment Foundation." And citing Justice Alito's query in *Bruen* that "will a person **bent on carrying out a mass shooting** be stopped if he knows that it is illegal to carry a handgun outside the home?" And he continued "and while the dissent seemingly thinks that the ubiquity of guns and our country's level of gun violence provide reasons for sustaining the New York law, the dissent appears not to understand that is it is these very facts that cause law-abiding citizens to feel the need to carry a gun for **self-defense**.") (emphasis added).

**KAEMPF LAW FIRM PC**
2021 SW Main Street, Suite 64
Portland, Oregon 97205
Telephone: 503-224-5006

(7) *United States v. Price*, 2022 WL 6968457 (SD WV October 12, 2022) (granting the criminal defendant's motion to dismiss the indictment charging him with violating a federal statute barring the "possession of a firearm with an obliterated serial number." Because "no other court has yet addressed it post-*Bruen*, I first consider whether the statute charged" is "constitutional." It "is undisputed that serial numbers were <u>not</u> required, or even in common use, in **1791**" when the Second Amendment was ratified. "Rather, serial numbers arose only with the advent of the mass production of firearms." A "firearm without a serial number in 1791 was certainly not considered dangerous or unusual compared to other firearms because serial numbers were <u>not</u> required or even commonly used at that time." While "I recognize there is an argument, not made by the government here, that firearms with obliterated serial number are likely to be used in violent crime and therefore a prohibition on their possession is desirable, that argument is the exact type of *means-end* reasoning the Supreme Court has <u>forbidden</u> me from considering." The "burden falls on the **government** to <u>affirmatively prove</u> that its firearms regulation is part of or analogous to a *historical tradition* that delimits the outer bounds of the right to keep and bear arms. The government has <u>not</u> done so here, and I have no choice but to find" the federal law "unconstitutional."

(8) *United States v. Stambaugh*, 2022 WL 16936043 (WD Ok. November 14, 2022) (holding unconstitutional a federal statute prohibiting a person under indictment from possessing a firearm. "It should go without saying that a person indicted for a felony is not a felon." It is the "United States' burden to demonstrate that laws like [the federal statute] are part of the historical tradition that delimits the outer bounds of the right to keep and

bear arms." The court held the statute "is unconstitutional as applied to Stambaugh and therefore **GRANTS** his motion to dismiss Count three of the indictment.") (emphasis in original).

(9) *Firearms Policy Coalition, Inc. v. McCraw*, 2022 WL 3656996 (ND Tex. August 5, 2022) (holding unconstitutional a Texas law that prohibits law-abiding 18-to-20-year-olds from carrying a handgun for self-defense outside the home. "The undisputed historical evidence establishes that 18-to-20-year-olds were understood to be part of the militia in the Founding Era." Texas must "justify its regulation by showing it is consistent with the Nation's **historical tradition** of firearm regulation." *Bruen* "is clear. When the Second Amendment's plain text covers an individual's conduct, the Constitution *presumptively protects* that conduct." As "*Bruen* made clear, Texas must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." The "Court concludes Texas failed to produce sufficient historical analogs from the Founding Era and the Reconstruction Era to support its statutory prohibition. The Court therefore enjoins the Texas laws to the extent they prohibit law abiding 18-to-20-year-olds from applying for a license to carry a handgun.") (emphasis added).

Respectfully submitted: December 5, 2022.

KAEMPF LAW FIRM PC

/s John Kaempf
John Kaempf, OSB #925391
john@kaempflawfirm.com

Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2022, I caused to be electronically filed the foregoing paper with the Clerk of the Court by using the CM/ECF system. The following participant in the case who is a registered CM/ECF user will be served by the CM/ECF system.

Brian Marshall
brian.s.marshall@doj.state.or.us

OREGON DEPARTMENT OF JUSTICE
Attorney for Defendants

DATED: December 5, 2022.

KAEMPF LAW FIRM PC

/s John Kaempf
John Kaempf, OSB #925391
john@kaempflawfirm.com

Attorney for Plaintiffs