Jessica A. Skelton, OSB #102714
jessica.skelton@pacificalawgroup.com
PACIFICA LAW GROUP LLP
1191 2nd Avenue, Suite 2000
Seattle, WA 98101-3404
206-245-1700

*Attorney for Intervenor-Defendant*
*Oregon Alliance for Gun Safety*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC. an Oregon public benefit corporation; BRAD LOHREY, SHERMAN COUNTY SHERIFF; and ADAM JOHNSON, an individual,<br><br>    Plaintiffs,<br>v.<br><br>KATE BROWN, Governor of the State of Oregon, in her official capacity; and ELLEN ROSENBLUM, Attorney General of the State of Oregon, in her official capacity,<br><br>    Defendants. | No. 2:22-cv-01815-IM<br><br>INTERVENOR-DEFENDANT OREGON ALLIANCE FOR GUN SAFETY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>[PROPOSED] |

Intervenor-Defendant Oregon Alliance for Gun Safety (the "Alliance") answers the First Amended Complaint for Declaratory and Injunctive Relief (the "Complaint") of Plaintiffs Oregon Firearms Federation, Inc., et al. ("Plaintiffs") as follows:

1. Paragraph 1 contains characterizations of this action and legal conclusions and argument to which no response is required. To the extent a response is required, the Alliance denies the same.

2. The Alliance admits that some Americans own firearms capable of accepting large-capacity magazines ("LCMs"). The remaining allegations in Paragraph 2 consist of subjective characterizations and legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same. The Alliance specifically denies that an LCM "can be the difference between life and death" for a civilian engaging in lawful self-defense.

3. Paragraph 3 contains legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same. The website cited in Paragraph 3 speaks for itself. The Alliance denies all allegations, inferences, and characterizations in Paragraph 3 inconsistent with the cited statutory provisions and website.

4. Paragraph 4 contains legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same. The remaining allegations in Paragraph 4 are subjective characterizations and do not require a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same. The Alliance specifically denies that LCMs as defined by Measure 114 should be referred to as "standard."

5. Paragraph 5 contains legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

6. Paragraph 6 contains legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same. Paragraph 6 also contains subjective characterizations that do not require a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 6, which shall have the same effect of a denial.

7. Paragraph 7 contains legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 7, which shall have the same effect of a denial.

8. Paragraph 8 contains subjective characterizations that do not require a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 8, which shall have the same effect of a denial.

9. Paragraph 9 contains legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 9, which shall have the same effect of a denial.

10. Paragraph 10 contains legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

11. Paragraph 11 contains allegations related to provisions of the Oregon Constitution, which speak for themselves.

12. Paragraph 12 contains legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

13. Paragraph 13 contains legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

14. Paragraph 14 contains legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

15. Paragraph 15 contains subjective characterizations and legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

16. Paragraph 16 contains legal conclusions or argument, and characterizations of this action, to which no response is required. To the extent a response is required, the Alliance denies the same.

17. The first sentence of Paragraph 17 contains subjective characterizations and hypothetical opinion to which no response is required. To the extent a response is required, the Alliance denies the same. The Alliance denies the remaining allegations in Paragraph 17.

18. Paragraph 18 cites studies and research findings that speak for themselves. The Alliance denies all allegations, inferences, and characterizations in Paragraph 18 inconsistent with the cited materials. The Alliance specifically denies Paragraph 18's assertion or suggestion that restrictions on LCMs have no impact on crime. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 18, which shall have the effect of a denial.

19. Paragraph 19 contains subjective characterizations and hypothetical opinion to which no response is required. To the extent a response is required, the Alliance denies the same. The Alliance specifically denies the assertion or suggestion that Measure 114 will "greatly restrain" Oregonians' ability to protect themselves and that it may be impossible to comply with the law.

20. The Alliance admits that horrific crimes have been committed with LCMs. The Alliance denies the remaining allegations in Paragraph 20.

21. Paragraph 21 contains subjective characterizations and hypothetical opinion to which no response is required. To the extent a response is required, the Alliance denies the same.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Paragraph 26 contains subjective characterizations and hypothetical opinion to which no response is required. To the extent a response is required, the Alliance denies the same. The Alliance specifically denies that, after Measure 114 goes into effect, "violent criminals" will have "unfettered access" to the materials regulated by the law.

27. The Alliance admits that the Oregon State Police's background check system has experienced high volumes of firearms transactions since November 8, 2022. The remainder of Paragraph 27 consists of legal conclusion, legal argument, subjective characterizations, or hypothetical opinion to which no response is required, but to the extent a response is required, the Alliance denies the same.

28. Paragraph 28 contains legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same. Paragraph 28 also contains subjective characterizations and hypothetical opinion to which no response is required, but to the extent a response is required, the Alliance denies the same. The Alliance specifically denies the assertion in Paragraph 28 that Measure 114's background check provisions are superfluous or redundant.

## JURISDICTION AND VENUE

29. The Alliance admits that the Court has subject matter jurisdiction.

30. Paragraph 30 consists of legal conclusions or argument to which no response is required.

31. The Alliance admits that venue is proper in this Court.

## PARTIES

## PLAINTIFFS

32. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 32, which shall have the effect of a denial.

33. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 33, which shall have the effect of a denial.

34. The second sentence Paragraph 34 contains subjective characterizations and hypothetical opinion to which no response is required. To the extent a response is required, the Alliance denies the same. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 34, which shall have the effect of a denial.

35. The second sentence Paragraph 35 contains subjective characterizations and hypothetical opinion to which no response is required. To the extent a response is required, the Alliance denies the same. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 35, which shall have the effect of a denial.

36. The second sentence Paragraph 36 contains subjective characterizations and hypothetical opinion to which no response is required. To the extent a response is required, the Alliance denies the same. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 36, which shall have the effect of a denial.

37. The Alliance denies the allegation or suggestion in Paragraph 37 that LCMs are commonly used for self-defense. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 37, which shall have the effect of a denial.

38. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 38, which shall have the effect of a denial.

39. Paragraph 39 consists of legal conclusions or argument, or characterizations of this action, to which no response is required. To the extent a response is required, the Alliance denies the same. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 39, which shall have the effect of a denial.

**DEFENDANTS**

40. The Alliance admits that Kate Brown is the Governor of Oregon and that Ellen Rosenblum is the Attorney General of Oregon. The remainder of Paragraph 40 consists of

characterizations of this action or legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

## GENERAL ALLEGATIONS

## RIGHT TO KEEP AND BEAR ARMS

41. The first sentence of Paragraph 41 references a Constitutional provision, which speaks for itself. The Alliance denies all allegations, inferences, and characterizations in Paragraph 41 inconsistent with the cited provision. The remainder of Paragraph 41 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

42. Paragraph 42 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same. The Alliance specifically denies the assertion or suggestion in Paragraph 42 that LCMs are "arms" under the Second Amendment.

43. Paragraph 43 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

44. The Alliance understands Paragraph 44 to recite the results of a survey cited at the provided web address, which results in an error message. For that reason, the Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 44, which shall have the effect of a denial

45. The Alliance admits that, to the extent weapons capable of firing more than ten rounds existed before the 20th century, they were experimental, unusual, impractical, unreliable, prohibitively expensive, or otherwise not analogous to modern firearms equipped with LCMs—and thus unlikely to necessitate government regulation. The Alliance specifically denies that

19th-century firearms capable of firing more than ten rounds without reloading were nearly as dangerous as modern firearms equipped with LCMs. For example, unlike modern semi-automatic firearms with detachable LCMs, the Winchester 1892 rifle required users to operate a lever after firing each shot to load a new round into the chambers—a time-consuming process. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remainder of the remaining allegations in Paragraph 45, which shall have the effect of a denial.

46. The Alliance admits that, to the extent weapons capable of firing more than ten rounds existed before the 20th century, they were experimental, unusual, impractical, unreliable, prohibitively expensive, or otherwise not analogous to modern firearms equipped with LCMs—and thus unlikely to necessitate government regulation. The Alliance specifically denies that 19th-century firearms capable of firing more than ten rounds without reloading were nearly as dangerous as modern firearms equipped with LCMs. For example, unlike modern semi-automatic firearms with detachable LCMs, the Winchester 1873 rifle had tubular magazines that were permanently affixed to the barrel of the gun and required users to operate a lever after firing each shot to load a new round into the chambers—a time-consuming process. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remainder of the remaining allegations in Paragraph 46, which shall have the effect of a denial.

47. The Alliance admits that, to the extent weapons capable of firing more than ten rounds existed before the 20th century, they were experimental, unusual, impractical, unreliable, prohibitively expensive, or otherwise not analogous to modern firearms equipped with LCMs—and thus unlikely to necessitate government regulation. The Alliance specifically denies that 19th-century firearms capable of firing more than ten rounds without reloading were nearly as dangerous as modern firearms equipped with LCMs. For example, unlike modern semi-

automatic firearms with detachable LCMs, the 1860 Henry rifle had tubular magazines that were permanently affixed to the barrel of the gun and required users to operate a lever after firing each shot to load a new round into the chambers—a time-consuming process. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remainder of the remaining allegations in Paragraph 47, which shall have the effect of a denial.

48. The Alliance incorporates and restates its answer to Paragraph 47.

49. The Alliance admits that, to the extent weapons capable of firing more than ten rounds existed before the 20th century, they were experimental, unusual, impractical, unreliable, prohibitively expensive, or otherwise not analogous to modern firearms equipped with LCMs—and thus unlikely to necessitate government regulation. The Alliance specifically denies that 19th-century firearms capable of firing more than ten rounds without reloading were nearly as dangerous as modern firearms equipped with LCMs. For example, unlike modern semi-automatic firearms with detachable LCMs, the Winchester 1894 rifle required users to operate a lever after firing each shot to load a new round into the chambers—a time-consuming process. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 49, which shall have the effect of a denial.

50. The Alliance admits that the Marlin Model 60 did not begin production until around the 1960s. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 50, which shall have the effect of a denial.

51. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 51, which shall have the effect of a denial.

52. The Alliance admits that, to the extent weapons capable of firing more than ten rounds existed before the 20th century, they were experimental, unusual, impractical, unreliable,

prohibitively expensive, or otherwise not analogous to modern firearms equipped with LCMs—and thus unlikely to necessitate government regulation. For example, the Alliance admits that in 1718 James Puckle patented a nine-round, giant, tripod-mounted "Puckle gun," which was never widely produced, difficult and expensive to manufacture, unreliable, and ridiculed by contemporaries for its impracticality; users would have to crank or rotate the cylinder by hand between shots. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 52, which shall have the effect of a denial.

53. The Alliance denies the allegations contained in the first sentence of Paragraph 53. The Alliance also denies that magazines for the Remington Model 8 capable of holding more than 10 rounds were widely available to the general public. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 53, which shall have the effect of a denial.

54. The Alliance denies that magazines for the Remington Model 8 capable of holding more than 10 rounds were widely available to the general public. Paragraph 54 also contains subjective characterizations that do not require a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 54, which shall have the effect of a denial.

55. Paragraph 55 contains subjective characterizations that do not require a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 55, which shall have the effect of a denial.

 56. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 56, which shall have the effect of a denial.

 57. Exhibit B attached to the First Amended Complaint speaks for itself. Paragraph 57 also consists of legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 57, which shall have the effect of a denial.

 58. Paragraph 58 contains allegations related to statutory provisions, which speak for themselves. The Alliance denies all allegations, inferences, and characterizations in Paragraph 58 inconsistent with the cited statute. The remainder of Paragraph 58 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

## DUE PROCESS CLAUSE

 59. Paragraph 59 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

 60. Paragraph 60 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

 61. Paragraph 61 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

 62. Paragraph 62 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

## THE ILLEGALLY RESTRICTED ITEMS AND THEIR USES

63. The Alliance admits that a firearm magazine is an ammunition storage and feeding device. The Alliance denies the remaining allegations in Paragraph 63.

64. The Alliance admits that firearm magazines may be either fixed or detachable. The Alliance denies the remaining allegations in Paragraph 64.

65. The Alliance admits that detachable magazines may be removed and reinserted into certain firearms. The Alliance further admits that removal of detachable magazines generally involves the use of a magazine release feature. The Alliance denies the remaining allegations in Paragraph 65.

66. The Alliance admits that detachable magazines were invented after fixed magazines. The Alliance denies the allegation or suggestion that detachable magazines have been in common use since 1879. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 66, which shall have the effect of a denial.

67. The Alliance admits that detachable magazines may allow a firearm to be reloaded quicker than a fixed magazine. The Alliance denies any assertion or suggestion that LCMs offer any advantages to self-defense, and denies the remaining allegations in Paragraph 67.

68. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 68, which shall have the effect of a denial.

69. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 69, which shall have the effect of a denial.

70. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 70, which shall have the effect of a denial.

71. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 71, which shall have the effect of a denial.

72. Denied.

73. The Alliance admits that some Americans own firearms capable of accepting LCMs. The remaining allegations in Paragraph 73 consist of subjective characterizations and legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

74. The Alliance admits that several states involving a large portion of the American public currently place restrictions on LCMs. The remaining allegations in Paragraph 74 consist of subjective characterizations to which no response is required, but to the extent a response is required, the Alliance denies the same.

75. The Alliance denies the allegations in the first sentence of Paragraph 75. The remaining allegations in Paragraph 75 consist of subjective characterizations to which no response is required, but to the extent a response is required, the Alliance denies the same.

## TERMS OF BALLOT MEASURE 114

76. The referenced Exhibit A speaks for itself.

**VIOLATION OF PLAINTIFFS' RIGHT TO KEEP AND BEAR ARMS**

77. Paragraph 77 contains legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same. The remainder of Paragraph 77 consists of subjective characterizations that do not require a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same.

78. Paragraph 78 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

79. Paragraph 79 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

## VIOLATION OF PLAINTIFFS' RIGHTS UNDER THE TAKINGS CLAUSE

80. Paragraph 80 contains allegations related to statutory provisions, which speak for themselves.

81. Paragraph 81 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

## VIOLATION OF PLAINTIFFS' RIGHTS TO DUE PROCESS

82. Paragraph 82 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

83. Paragraph 83 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

84. Paragraph 84 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

## DECLARATORY JUDGMENT ALLEGATIONS

85. The Alliance admits that Measure 114 was originally set to go into effect on December 8, 2022. The remainder of Paragraph 85 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

86. Paragraph 86 consists of legal conclusions or argument, or characterizations of this action, to which no response is required. To the extent a response is required, the Alliance denies the same.

## FIRST CLAIM FOR RELIEF

## RIGHT TO KEEP AND BEAR ARMS

87. The Alliance incorporates its responses as set forth above.

88. Paragraph 88 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

89. Paragraph 89 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

90. Paragraph 90 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same. The Alliance specifically denies that the enforcement of Measure 114 will prevent sheriff Plaintiffs from adequately and fully protecting the residents of their counties.

91. Paragraph 91 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

92. Paragraph 92 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

## SECOND CLAIM FOR RELIEF

## TAKINGS CLAUSE

93. The Alliance incorporates its responses as set forth above.

94. The allegations in Paragraph 94 constitute legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

95. Denied.

**PRAYER FOR RELIEF**

The Prayer for Relief portion of the Amended Complaint makes no allegation to which an answer is required. To the extent a response is required, the Alliance denies that Plaintiffs are entitled to the requested relief or any other relief.

**OMNIBUS DENIAL**

Unless otherwise specifically admitted above, the Alliance denies each and every remaining allegation in the Amended Complaint.

**RESERVARTION OF RIGHT TO AMEND**

The Alliance reserves the right to amend this Answer.

**AFFIRMATIVE DEFENSES**

The Alliance asserts the following defenses:

1. Plaintiffs fail to state a claim upon which relief can be granted.

The Alliance incorporates by reference and adopts as its own any defense asserted by any other Defendant, and reserves the right to amend this Answer to assert additional defenses and affirmative defenses as additional facts are obtained through investigation and discovery.

**ALLIANCE'S PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Amended Complaint and having asserted defenses and affirmative defenses, the Alliance respectfully requests the following relief:

1. That the Amended Complaint be dismissed with prejudice and that no relief be granted to Plaintiffs;

2. That the Court enter final judgment in the Alliance's favor;

3. That the Court award the Alliance its reasonable expenses, costs, and attorney fees incurred in defending this action as authorized by law or equity; and

4. All other relief as the Court deems just and equitable.

DATED this 13th day of December, 2022.

PACIFICA LAW GROUP LLP

*s/Jessica A. Skelton*
Jessica A. Skelton, OSB #102714
Zachary J. Pekelis, *Pro Hac Vice*
Kai A. Smith, *Pro Hac Vice*
W. Scott Ferron, *Pro Hac Vice*

*Attorneys for Intervenor-Defendant Oregon Alliance for Gun Safety*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to all parties who are registered with the CM/ECF system.

DATED this 13th day of December, 2022.

_____
Erica Knerr

OREGON ALLIANCE FOR GUN SAFETY'S
ANSWER TO FIRST AMENDED COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF - 18