Shawn M. Lindsay
shawn@jurislawyer.com
JurisLaw LLP
Three Centerpointe Drive, Suite 160
Lake Oswego, OR 97035
Telephone: (503) 968-1475
  *Attorney for Eyre Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>TINA KOTEK, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:22-cv-01815-IM *(Lead Case)*<br>Case No. 3:22-cv-01859-IM *(Trailing Case)*<br>Case No. 3:22-cv-01862-IM *(Trailing Case)*<br>Case No. 3:22-cv-01869-IM *(Trailing Case)*<br><br>CONSOLIDATED CASES<br><br>**PLAINTIFFS' BRIEF REGARDING JURISDICTION** |
| MARK FITZ, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ELLEN F. ROSENBLUM, et al.,<br><br>　　　　　　　　Defendants. | |
| KATERINA B. EYRE, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ELLEN F. ROSENBLUM, et al.,<br><br>　　　　　　　　Defendants. | |
| DANIEL AZZOPARDI, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ELLEN F. ROSENBLUM, et al.,<br><br>　　　　　　　　Defendants. | |

PLAINTIFFS' BRIEF REGARDING JURISDICTION

Following the status conference held on January 19, 2023, this Court ordered Plaintiffs "to submit briefing to address the issue of whether there would be any remaining case or controversy for this Court to adjudicate if the Oregon Supreme Court finds Ballot Measure 114 violates the Oregon Constitution." Plaintiffs submit the following briefing to address that issue.

If the Oregon Supreme Court ultimately concludes that Measure 114 violates the Oregon Constitution and issues a final judgment to that effect, then Plaintiffs' challenges to Measure 114 in this Court, which arise under the United States Constitution, will be moot—assuming that Measure 114 was never allowed to take effect in the interim. *See Aikens v. California*, 406 U.S. 813, 814 (1972) (per curiam) (dismissing writ of certiorari challenging petitioner's death sentence under the United States Constitution where an intervening California Supreme Court decision held that the death penalty violated the California Constitution and that that rule was fully retroactive and applicable to all prisoners in the state under sentence of death). However, any outcome short of that—including if the Oregon Supreme Court were to allow Measure 114 to take effect in the interim—will not divest Plaintiffs of standing or deprive this Court of a case or controversy.

For purposes of Article III, the question is whether, in a case where a plaintiff has filed suit in federal court challenging state action on federal-law grounds, an intervening final judgment entered by the highest court of the state, purely on state-law grounds, in favor of different plaintiffs, renders it "impossible for [the federal] court to grant 'any effectual relief whatever'" to the federal-court plaintiffs on their federal-law claims. *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)). That, in turn, depends on whether the intervening state court judgment provides complete relief to the federal-court plaintiffs. The petitioner in *Aikens* received complete relief via the California Supreme Court decision, even though he was not a party to the state court case, because the California Supreme

Page 1    PLAINTIFFS' BRIEF REGARDING JURISDICTION

Court made clear that its decision that the death penalty violated the California Constitution applied retroactively to all California prisons under sentence of death. 406 U.S. at 814.

But anything short of complete relief means that the dispute remains live. "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Knox*, 567 U.S. at 307-08. And, here, the only way Plaintiffs could receive complete relief from the state-court litigation (to which they are not parties) such that they would no longer have a cognizable interest in the outcome of the litigation before this Court would be if the Oregon Supreme Court (1) entered a final judgment invalidating Measure 114 in all respects *and* (2) never allowed Measure 114 to take effect on an interim basis during the pendency of the proceedings.

That is so for three reasons. First, as Plaintiffs have previously explained, a *preliminary* injunction entered or affirmed by the highest court of a state does not destroy standing or irreparable injury for federal-court plaintiffs challenging the same state law where, as here, the plaintiffs in the federal court case are not the same as, or in privity with, the plaintiffs in the state court case. That kind of preliminary order does not deprive such federal-court plaintiffs of standing given the potential that the state court injunction could be reversed on appeal. *See Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719 (2007) (party claiming mootness bears heavy burden of proving that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur"); *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 546 (1976) ("jurisdiction is not necessarily defeated simply because the order attacked has expired").

Second, if the Oregon Supreme Court (or another Oregon court) allows Measure 114 to take effect on an interim basis and Defendants were to enforce the new law against Plaintiffs during that period, then Plaintiffs would retain live claims in this Court sufficient for Article III even if the Oregon Supreme Court subsequently held that Measure 114 violates the Oregon Constitution.

In that circumstance, Plaintiffs would have been subjected to deprivations that they allege violate the United States Constitution, which means (assuming this Court agrees with them on the merits) that they would be entitled at the very least to a backward-looking remedy.

To be sure, the typical backward-looking remedy (compensatory damages) would likely be unavailable against these Defendants for their official acts, in light of the Eleventh Amendment. But the *Oregon Firearms Federation* Plaintiffs and the *Eyre* Plaintiffs have expressly requested nominal damages. *See Oregon Firearms Federation* Second Am. Compl. ¶ 117 & Prayer for Relief ¶ E; *Eyre* First Am. Compl., Prayer for Relief ¶ 5. And as the Supreme Court recently made clear, "a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right" even if the plaintiff cannot pursue a claim for compensatory damages (because, e.g., the defendants are cloaked in Eleventh Amendment immunity). *Uzuegbunam v. Preczewski*, 141 S.Ct. 792, 800-02 (2021); *see also id.* at 801 ("nominal damages are redress, not a byproduct"). At a minimum, then, there at least would be a "chance of money changing hands," so the *Oregon Firearms Federation* and *Eyre* "suit[s] [would] remain[] live." *Mission Prod. Holdings, Inc. v. Tempnology*, LLC, 139 S.Ct. 1652, 1660 (2019).

While the *Fitz* and *Azzopardi* Plaintiffs have not explicitly requested nominal damages, that is not necessarily a bar to awarding them that relief. Any omission in their complaints would not, by itself, be conclusive as to mootness if those Plaintiffs were to later assert a claim for damages. *See Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 66 (1978) ("omissions [in a prayer for relief] are not in and of themselves a barrier to redress of a meritorious claim"); *see also* Fed. R. Civ. P. 15(a)(2) (providing that courts should "freely" grant leave to amend a complaint where "justice so requires"); Fed. R. Civ. P. 54(c) (providing that a party's failure to demand particular relief "in its pleadings" does not automatically preclude the party from seeking that relief

Page 3   PLAINTIFFS' BRIEF REGARDING JURISDICTION

later in the litigation); 10 Wright & Miller, *Federal Practice & Procedure* §2662, at 168 (4th ed. 2014) (explaining that the "liberal amendment policy of Rule 15, combined with Rule 54(c)," mean that a party can still "secur[e] a remedy other than that demanded in the pleadings"). And any questions about whether it would be too late for those Plaintiffs to seek damages go to the merits, not to jurisdiction. The relevant inquiry under Article III is whether it is still possible for a court to grant "effectual relief," not whether "[u]ltimate recovery" is certain or even likely. *Mission Prod. Holdings*, 139 S.Ct. at 1660. And because Measure 114 imposes criminal consequences, and other Oregon laws carry increased penalties for repeat-offenders, this Court would still retain Article III authority to issue a declaratory judgment invalidating Measure 114 under the United States Constitution. *See* Letter Brief of the Solicitor General of the United States at 1, *N.Y. State Rifle & Pistol Ass'n v. City of N.Y.*, No. 18-280 (U.S. Nov. 15, 2019) (acknowledging that "the possibility of future consequences for past violations of a repealed law can be sufficient to keep a case from becoming moot").

Third, the *Oregon Firearms Federation* Plaintiffs and the *Eyre* Plaintiffs have also brought claims under the Takings Clause. Even if the Oregon Supreme Court were ultimately to hold that Measure 114 violates the Oregon Constitution, if that court (or any other Oregon court) allowed Measure 114 to take effect for any period of time in the interim, then, in that circumstance, the *Oregon Firearms Federation* and *Eyre* Plaintiffs would retain live claims in this Court for just compensation. Put differently, in that circumstance, there would still be a live controversy over whether a taking had occurred in the interim, and, if so, what compensation the *Oregon Firearms Federation* and *Eyre* Plaintiffs were due under the Fifth Amendment, because the *Oregon Firearms Federation* and *Eyre* Plaintiffs would have suffered injury in fact (loss of property rights) traceable to Measure 114 that this Court could redress (by ordering Defendants to pay just compensation).

In short, while a final judgment of the Oregon Supreme Court invalidating Measure 114 under the Oregon Constitution in all respects could moot these consolidated cases, any outcome in the state-court litigation (to which Plaintiffs are not parties) short of one that would provide complete relief to Plaintiffs in this litigation would not.

Respectfully submitted,

DATED: February 2, 2023

s/ Shawn M. Lindsay
Shawn M. Lindsay (OR Bar #020695)
JurisLaw LLP
Three Centerpointe Drive
Suite 160
Lake Oswego, OR 97035
(503) 968-1475

*Counsel for Eyre Plaintiffs*

DATED: February 2, 2023

s/ Leonard W. Williamson
Leonard W. Williamson (OR Bar #910020)
Van Ness Williamson

*Counsel for Oregon Firearms Federation Plaintiffs*

DATED: February 2, 2023

s/ James L. Buchal
James L. Buchal (OR Bar # 921618)
Murphy & Buchal LLP

*Counsel for Fitz and Azzopardi Plaintiffs*