**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Hannah K. Hoffman, OSB #183641**
HannahHoffman@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201-3412
(503) 295-3085

   Special Assistant Attorneys General for Defendants

**Ellen F. Rosenblum, OSB #753239**
Attorney General
**Brian Simmonds Marshall, OSB #196129**
Senior Assistant Attorney General
Brian.S.Marshall@doj.state.or.us
**DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
(971) 673-1880

   Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al.,<br><br>                                    Plaintiffs,<br><br>   v.<br><br>TINA KOTEK, et al.,<br><br>                                    Defendants,<br><br>          and | Case No. 2:22-cv-01815-IM (lead case)<br>          3:22-cv-01859-IM (trailing case)<br>          3:22-cv-01862-IM (trailing case)<br>          3:22-cv-01869-IM (trailing case)<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *FITZ* PLAINTIFFS' COMPLAINT** |

**Page 1 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *FITZ*
              PLAINTIFFS' COMPLAINT**

| | |
|---|---|
| OREGON ALLIANCE FOR GUN SAFETY, | |
| Intervenor-Defendant. | |
| MARK FITZ, et al., | |
| Plaintiffs, | |
| v. | |
| ELLEN F. ROSENBLUM, et al., | |
| Defendants. | |
| KATERINA B. EYRE, et al., | |
| Plaintiffs, | |
| v. | |
| ELLEN F. ROSENBLUM, et al., | |
| Defendants, and | |
| OREGON ALLIANCE FOR GUN SAFETY, | |
| Intervenor-Defendant. | |
| DANIEL AZZOPARDI, et al., | |
| Plaintiffs, | |
| v. | |
| ELLEN F. ROSENBLUM, et al., | |
| Defendants. | |

Except as specifically admitted below, defendants Ellen Rosenblum and Casey Codding, in their official capacities (collectively "defendants"), deny each and every allegation of plaintiffs' complaint. Defendants further answer as follows:

## ANSWER

1. Defendants deny paragraphs 1-4.

**Page 2 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *FITZ* PLAINTIFFS' COMPLAINT**

2. In response to paragraph 5, defendants admit that the Supreme Court vacated *Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021) (*en banc*). *Duncan v. Bonta*, 142 S. Ct. 2895 (2022). Defendants deny the remainder of paragraph 5.

3. In response to paragraph 6, defendants admit that the quotations reflect portions of text from *Duncan v. Bonta,* 19 F.4th 1087 (9th Cir. 2021) (en banc) and *New York State Rifle & Pistol Association, Inc. v. Bruen,* 142 S. Ct. 2111 (2022). Defendants admit that the Ninth Circuit held in *Bonta*, 19 F.4th at 1095, in part, that "Under the Second Amendment, intermediate scrutiny applies" and that *Bruen* sets forth a different test. Those decisions speak for themselves. Defendants deny the remainder of paragraph 6.

4. Defendants deny paragraph 7.

## JURISDICTION

5. Defendants deny paragraphs 8 and 9.

6. In response to paragraph 10, defendants admit venue is proper in this Court.

## PARTIES

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 and therefore deny them.

8. In response to paragraph 12, defendants deny the last two sentences. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore deny them.

9. In response paragraph 13, defendants deny the last two sentences. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore deny them.

10. In response to paragraphs 14-15, defendants deny the last sentence in each paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraphs 14-15 and therefore deny them.

11. In response to paragraph 16, defendants admit the first sentence. Defendants admit that ORS 180.060(5) authorizes the Attorney General to advise and direct the district attorneys in all criminal causes and matters relating to state affairs in their respective counties.

12. In response to paragraph 17, defendants admit that Terrie Davie was superintendent of the Oregon State Police at the time the lawsuit was filed but deny she is presently superintendent. Casey Codding is substituted as defendant pursuant to FRCP 25(d). Defendants admit that, as described in ORS 181A.030, the Superintendent of the Oregon State Police is the executive and administrative head of the Oregon State Police. Defendants admit that, as described in ORS 181A.080, the Oregon State Police are charged with the enforcement of all criminal laws. Defendants deny the remainder of paragraph 17.

## FACTUAL ALLEGATIONS

13. Defendants deny the heading, "Oregon's Ban on Standard Capacity Magazines."

14. Defendants deny paragraph 18.

15. In response to paragraph 19, defendants admit that Measure 114 had an effective date of December 8, 2022, but defendants deny that Measure 114 went into effect on that date.

16. In response to paragraph 20, defendants admit that the quotations reflect portions of text from Measure 114 that provide part of the Measure's definition of "large-capacity magazine." Measure 114 speaks for itself. Defendants deny the remainder of paragraph 20.

17. In response to paragraph 21, defendants admit that Measure 114 includes some exceptions to its restrictions on large-capacity magazines for licensed gun dealers, including a 180-day period in which licensed gun dealers may dispose of large-capacity magazines in their

custody or inventory or alter any large-capacity magazine in their inventory or custody so that it is not capable of accepting more than 10 rounds of ammunition. Defendants deny that this is the complete set of exceptions; Measure 114 speaks for itself.

18. In response to paragraph 22, defendants admit that Measure 114's restrictions on large-capacity magazines do not apply to licensed firearms manufacturers that manufacturer large-capacity magazines for the exclusive sale or transfer to the Armed Forces or a law enforcement agency, under conditions set forth in the Measure.

19. In response to paragraphs 23-24, defendants admit that Measure 114 creates an affirmative defense, which is fully described in the Measure; the Measure speaks for itself. Defendants deny the remainder of paragraphs 23-24.

20. In response to paragraph 25, defendants admit that Measure 114 establishes a class A misdemeanor and that Oregon laws set penalties for class A misdemeanors. Measure 114 and those laws speak for themselves.

21. Defendants deny the heading, "Oregon Has Criminalized a Common and Important Means of Self-Defense."

22. Defendants deny paragraph 26.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 27-33 and therefore deny them.

24. In response to paragraph 34, defendants admit that the quotation reflects a portion of text from the cited article. Defendants lack knowledge or information sufficient to form a belief about the truth of the quotation or the remaining allegations in paragraph 34 and therefore deny them.

25. In response to paragraphs 35-56, defendants deny that repeating firearms were common at the time of the ratification of the Second Amendment, "well known to the founding generation," "extremely popular" in the 19th century, and "commonplace" around the time of the Civil War. Defendants deny that magazines holding more than 10 rounds were commonly possessed in the 1860s. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraphs 35-56 and therefore deny them.

## FIRST CLAIM FOR RELIEF

### (Second Amendment & Due Process Clause – Large-Capacity Magazine Ban)

26. Defendants admit and deny paragraph 57 as set out above.

27. Defendants admit paragraph 58.

28. In response to paragraph 59, defendants admit that, as described in United States Supreme Court caselaw, the Second Amendment of the U.S. Constitution is incorporated as applicable to the states; that caselaw speaks for itself. Defendants deny the remainder of paragraph 59.

29. In response to paragraph 60, defendants admit that the quotations contain portions of text from *Bruen,* 142 S. Ct. at 2129-30 & 2127; that decision speaks for itself. Defendants deny the remainder of paragraph 60.

30. In response to paragraph 61, defendants admit that the quotation contains a portion of text from *Jackson v. City & Cnty. of San Francisco,* 746 F.3d 953, 967 (9th Cir. 2014). Defendants deny the remainder of paragraph 61.

31. Defendants deny paragraphs 62-63.

## PRAYER FOR RELIEF

32. In response to the Prayer for Relief, defendants deny that plaintiffs are entitled to any relief whatsoever.

**Page 6 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *FITZ* PLAINTIFFS' COMPLAINT**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

33. Plaintiffs' claims fail to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

34. Plaintiffs' claims are barred, in whole or in part, because they lack standing to bring their claims on behalf of themselves and/or their members.

### THIRD AFFIRMATIVE DEFENSE

### (Ripeness)

35. Plaintiffs' claims are barred to the extent they constitute an as-applied challenge to Measure 114 because claims brought under this theory are not justiciable under the doctrine of ripeness.

### FOURTH AFFIRMATIVE DEFENSE

### (Mootness)

36. Plaintiffs' claims are barred, in whole or in part, by the doctrine of mootness to the extent that a state court has provided the relief plaintiffs seek.

### FIFTH AFFIRMATIVE DEFENSE

### (Eleventh Amendment/Sovereign Immunity)

37. Plaintiffs' claims are barred, in whole or in part, by the Eleventh Amendment of the U.S. Constitution and the doctrine of sovereign immunity, to the extent they intend to seek damages (compensatory, nominal, or otherwise) against any defendant acting in their official capacity. *See* ECF 114, Case No. 2:22-cv-01815-IM.

**Page 7 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *FITZ* PLAINTIFFS' COMPLAINT**

DATED this 3rd day of March, 2023.

        ELLEN ROSENBLUM
        ATTORNEY GENERAL
        FOR THE STATE OF OREGON

By:   *s/ Harry B. Wilson*
        Harry B. Wilson, OSB #077214
        HarryWilson@MarkowitzHerbold.com
        Hannah K. Hoffman, OSB #183641
        HannahHoffman@MarkowitzHerbold.com

        *Special Assistant Attorney General for Defendants*

        Brian Simmonds Marshall
        brian.s.marshall@doj.state.or.us
        *Of Attorney for Defendants*

1413504

**Page 8 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *FITZ* PLAINTIFFS' COMPLAINT**