**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Hannah K. Hoffman, OSB #183641**
HannahHoffman@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201-3412
(503) 295-3085

    Special Assistant Attorneys General for Defendants

**Ellen F. Rosenblum, OSB #753239**
Attorney General
**Brian Simmonds Marshall, OSB #196129**
Senior Assistant Attorney General
Brian.S.Marshall@doj.state.or.us
**DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
(971) 673-1880

    Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TINA KOTEK, et al.,<br><br>    Defendants,<br><br>and | Case No. 2:22-cv-01815-IM (lead case)<br>    3:22-cv-01859-IM (trailing case)<br>    3:22-cv-01862-IM (trailing case)<br>    3:22-cv-01869-IM (trailing case)<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *EYRE* PLAINTIFFS' FIRST AMENDED COMPLAINT** |

**Page 1 -**  DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *EYRE* PLAINTIFFS' FIRST AMENDED COMPLAINT

| |
|---|
| OREGON ALLIANCE FOR GUN SAFETY, |
| Intervenor-Defendant. |
| MARK FITZ, et al., |
| Plaintiffs, |
| v. |
| ELLEN F. ROSENBLUM, et al., |
| Defendants. |
| KATERINA B. EYRE, et al., |
| Plaintiffs, |
| v. |
| ELLEN F. ROSENBLUM, et al., |
| Defendants, |
| and |
| OREGON ALLIANCE FOR GUN SAFETY, |
| Intervenor-Defendant. |
| DANIEL AZZOPARDI, et al., |
| Plaintiffs, |
| v. |
| ELLEN F. ROSENBLUM, et al., |
| Defendants. |

Except as specifically admitted below, defendants Ellen Rosenblum and Casey Codding, in their official and individual capacities (collectively "defendants"), deny each and every allegation of plaintiffs' complaint. Defendants further answer as follows:

# ANSWER

1.  In response to paragraph 1, defendants admit the quotation accurately quotes from the Second Amendment to the United States Constitution; the Second Amendment speaks for itself. Defendants deny the remainder of paragraph 1.

2.  In response to paragraph 2, defendants admit that Ballot Measure 114 ("Measure 114") passed with voters in the fall and deny the remainder.

3.  Defendants deny paragraph 3.

4.  In response to paragraph 4, defendants admit that Measure 114 established a permit-to-purchase program and permit applicants must complete a firearms training course to obtain a permit. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the existence of the courses referenced in the paragraph and therefore deny those allegations. Defendants deny the remainder of paragraph 4.

5.  In response to paragraph 5, defendants admit that Measure 114 requires fingerprinting and photographing to obtain a permit. Defendants admit that Measure 114 requires the permit agent to request the Oregon State Police to conduct a criminal background check. Defendants deny the remainder of paragraph 5.

6.  In response to paragraph 6, defendants admit that the quotations reflect portions of text in Measure 114. Defendants deny the remainder of paragraph 6.

7.  In response to paragraph 7, defendants admit that the quotation reflects text from the cited article. Defendants admit that Measure 114 requires some transferors of firearms to obtain the results of a completed background check before delivering a firearm. Defendants admit that Measure 114 requires gun dealers to verify that the purchaser has a valid permit-to-purchase a firearm and request that the department conduct a criminal history record check on the purchaser. Defendants deny the remainder of paragraph 7.

8.	In response to paragraph 8, defendants admit that the effective date of Measure 114 was December 8, 2022. Defendants deny the remainder of paragraph 8.

9.	In response to paragraph 9, defendants admit that the quotations reflect text from the cited article. Defendants lack knowledge or information sufficient to form a belief about the truth of the quotations and therefore deny them. Defendants admit that the Court stayed enforcement of Measure 114's permit requirement but deny plaintiffs' characterization of the Court's orders. The Court's orders speak for themselves. Defendants deny the remainder of paragraph 9.

10.	In response to paragraph 10, defendants admit that the Court stayed enforcement of Measure 114's permit requirement; that order speaks for itself. Defendants deny the remainder of paragraph 10.

11.	Defendants deny paragraphs 11-12.

12.	In response to paragraph 13, defendants admit that the quotation reflects a portion of text in Measure 114. Defendants admit that Measure 114 imposes criminal penalties but deny plaintiffs' characterizations of those penalties; Measure 114 and the state criminal code speak for themselves. Defendants deny the remainder of paragraph 13.

13.	In response to paragraph 14, defendants admit that the quotation reflects a portion of text in *Duncan v. Bonta,* 19 F.4th 1087, 1097 (9th Cir. 2021) (en banc), *cert. granted, judgment vacated,* 142 S.Ct. 2895 (2022). Defendants lack knowledge or information sufficient to form a belief about the truth of the quotation and the remainder of paragraph 14 and therefore deny it.

14.	Defendants deny paragraph 15.

15. In response to paragraph 16, defendants admit that the quotations reflect portions of text in Measure 114.  Defendants deny the remainder of paragraph 16.

16. In response to paragraph 17, defendants admit that the quotations reflect portions of text in *Jackson v. City & Cnty. of San Francisco,* 746 F.3d 953, 967 (9th Cir. 2014) and a United States Supreme Court case.  Defendants deny the remainder of paragraph 17.

17. Defendants deny paragraph 18.

18. In response to paragraph 19, defendants admit that the quotations reflect portions of text from the Second Amendment and *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S.Ct. 2111, 2131 (2022).  Defendants deny the remainder of paragraph 19.

19. Defendants deny paragraphs 20-21.

20. In response to paragraph 22, defendants admit that the initiative process has virtues.  Defendants deny the remainder of paragraph 22.

21. In response to paragraph 23, defendants admit that plaintiffs seek declaratory and injunctive relief, but deny that plaintiffs are entitled to any relief whatsoever.

## PARTIES

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 24-28 and therefore deny them.

23. In response to paragraph 29, defendants deny the last sentence.  Defendants admit the remainder of paragraph 29.

24. In response to paragraph 30, defendants admit that Terrie Davie was superintendent of the Oregon State Police at the time the lawsuit was filed but deny she is presently superintendent.  Casey Codding is substituted as defendant pursuant to FRCP 25(d).  Defendants admit that, as described in ORS 181A.030, the Superintendent of the Oregon State Police is the executive and administrative head of the Oregon State Police.  Defendants admit

that, as described in ORS 181A.080, the Oregon State Police are charged with the enforcement of all criminal laws and are empowered to institute criminal proceedings.  Defendants deny the remainder of paragraph 30.

## BACKGROUND

25. Defendants deny the heading "Oregon Enacts One of the Strictest Gun Laws in the Country—Measure 114—Adding a Duplicative 'Permit to Purchase' Regime and Banning 'Large Capacity' Magazines."

26. Defendants deny paragraph 31.

27. In response to paragraphs 32-34, defendants admit that the quotations reflect portions of text from *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S.Ct. 2111 (2022). Defendants deny the remainder of paragraphs 32-34.  *Bruen* speaks for itself.

28. Defendants deny paragraph 35.

29. In response to paragraph 36, defendants admit that Oregon voters voted in favor of Measure 114 on November 8, 2022.  Defendants deny the remainder of paragraph 36.

30. Defendants deny the heading "Measure 114 Erects a Kafkaesque Permitting Regime."

31. Defendants deny paragraph 37.

32. In response to paragraph 38, defendants admit that the quotations reflect portions of text in Measure 114.  Defendants admit that to obtain a permit, applicants must apply to a police chief or sheriff, pay a fee if required, and complete a firearms training course that meets certain requirements set forth in the measure.  Defendants deny the remainder of paragraph 38. Measure 114 speaks for itself.

33. In response to paragraph 39, defendants admit that an applicant must submit to fingerprinting and photographing by the permit agent.  Defendants admit the permit agent shall

request the Oregon State Police conduct a criminal background check. Defendants deny the remainder of paragraph 39.

34. In response to paragraph 40, defendants admit that the quotations reflect portions of text in a federal statute. Federal statutes speak for themselves. Defendants deny the remainder of paragraph 40.

35. In response to paragraph 41, defendants admit that a quotation attributed to Measure 114 reflects portions of text from the Measure. Defendants admit that a quotation attributed to a former version of ORS 166.412(3)(c) reflects portions of text from that provision, though with alterations. Defendants admit that Measure 114 closes a loophole that allowed some transferees of firearms to obtain a firearm before a background check was complete. Defendants admit that Measure 114 established criminal penalties, as set forth in the Measure. Measure 114 speaks for itself. Defendants deny the remainder of paragraph 41.

36. In response to paragraph 42, defendants admit that the quotation reflects portions of text from Measure 114. Defendants deny the remainder of paragraph 42.

37. In response to paragraph 43, defendants admit that the quotation reflects portions of text from Measure 114. Defendants admit Measure 114 requires gun dealers to verify that the purchaser has a valid permit-to-purchase a firearm. Defendants admit that Measure 114 provides that a gun dealer may not transfer a firearm unless the dealer receives a unique approval number from the Oregon State Police. Defendants admit that existing Oregon law requires gun dealers to request a background check from the Oregon State Police on a purchaser and obtain thumbprints of the purchaser. Defendants deny the remainder of paragraph 43.

38. Defendants deny the heading "Measure 114 Makes it a Crime to Possess, Sell, or Manufacture Commonplace Arms."

39. Defendants deny paragraph 44.

40. In response to paragraph 45, defendants admit the first and third sentences. Defendants deny the second sentence.

41. Defendants deny the heading "The types of arms that Measure 114 bans have long been owned by law-abiding Americans for lawful purposes, including self-defense."

42. Defendants deny paragraph 46.

43. In response to paragraph 47, defendants lack knowledge or information sufficient to form a belief about the truth of the second sentence and therefore deny it. Defendants deny the remainder of paragraph 47.

44. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 48-50 and therefore deny them.

45. In response to paragraph 51, defendants admit that the quotation reflects portions of text from a dissent in a Ninth Circuit case, but deny that the citation is correct. Defendants lack knowledge or information sufficient to form a belief about the truth of the quotation and therefore deny it.

46. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 52-54 and therefore deny them.

47. Defendants deny the heading "The types of arms that Measure 114 bans are owned today by millions of law-abiding Americans for lawful purposes, including self-defense."

48. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 55-58 and therefore deny them.

49. In response to paragraph 59, defendants admit that the quotation reflects portions of text from the cited Ninth Circuit case. Defendants lack knowledge or information sufficient to

form a belief about the truth of the quotation and the remaining allegations in paragraph 59 and therefore deny them.

50. In response to paragraphs 60-61, defendants admit that the quotations reflect portions of text from Measure 114. Defendants deny the remainder of paragraphs 60-61.

51. In response to paragraph 62, defendants admit that Measure 114 establishes a class A misdemeanor and that Oregon laws set penalties for class A misdemeanors. Those laws speak for themselves. Defendants deny the remainder of paragraph 62.

52. Defendants deny paragraph 63.

53. In response to paragraph 64, defendants admit that the quotations reflect portions of text from Measure 114. Defendants admit that Measure 114's restrictions on large-capacity magazines do not apply to licensed gun dealers during the first 180 days following the effective date of the Measure under certain conditions identified in the Measure; the Measure speaks for itself. Defendants deny the remainder of paragraph 64.

54. In response to paragraph 65, defendants admit that the quotations reflect portions of text from Measure 114. Defendants admit that Measure 114's restrictions on large-capacity magazines do not apply to licensed firearms manufacturers during the first 180 days following the effective date of the Measure under certain conditions identified in the Measure; the Measure speaks for itself. Defendants deny the remainder of paragraph 65.

55. In response to paragraph 66, defendants admit that the quotations reflect portions of text from Measure 114. Defendants admit that Measure 114's restrictions on large-capacity magazines do not apply to licensed firearms manufacturers that manufacture large-capacity magazines for the military and law enforcement under certain conditions identified in the Measure; the Measure speaks for itself. Defendants deny the remainder of paragraph 66.

56. In response to paragraph 67, defendants admit that the quotations reflect portions of text from Measure 114.  Defendants admit that Measure 114's restrictions on large-capacity magazines do not apply to certain individuals identified in the Measure and under certain conditions identified in the Measure; the Measure speaks for itself.  Defendants deny the remainder of paragraph 67.

57. In response to paragraph 68, defendants admit that the quotations reflect portions of text from Measure 114.  Defendants admit that Measure 114 creates an affirmative defense, as described in the Measure; the Measure speaks for itself.  Defendants deny the remainder of paragraph 68.

58. In response to paragraph 69, defendants admit that Measure 114 likely contains a typographical error regarding a citation to a provision of the Oregon Revised Statutes and the Measure was likely intended to cite to an existing provision of the Oregon Revised Statutes.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny them.

59. In response to paragraph 70, defendants admit that the quotations reflect portions of text from Measure 114.  Defendants admit that Measure 114's affirmative defense is applicable in certain circumstances described in the Measure; the Measure speaks for itself.  Defendants deny the remainder of paragraph 70.

60. Defendants deny paragraph 71.

61. Defendants deny the heading "Oregon Rushes to Implement Measure 114, Heedless of the Burdens it Will Impose on Individuals' Constitutional Rights."

62. In response to paragraph 72, defendants admit that the quotation reflects portions of text from the cited article.  Defendants lack knowledge or information sufficient to form a

belief about the truth of the allegations in the article and therefore deny them.  Defendants deny the remainder of paragraph 72.

63. In response to paragraph 73, defendants admit that the quotations reflect portions of text from Measure 114.  Defendants admit that Measure 114 provides for the Oregon State Police to perform some functions, as described in the Measure; Measure 114 speaks for itself.  Defendants deny the remainder of paragraph 73.

64. In response to paragraph 74, defendants admit that the effective date was set as December 8, 2022.  Defendants deny the remainder of paragraph 74.

65. In response to paragraph 75, defendants admit that the first quotation reflects portions of text from the cited article.  Defendants admit that there were additional requests for background checks in November 2022.  Defendants lack knowledge or information sufficient to form a belief about the truth of the second quotation attributed to Jason Pollock.  Defendants deny the remainder of paragraph 75.

66. Defendants deny paragraphs 76-78.

67. In response to paragraph 79, defendants admit they intend to enforce Measure 114 when permitted to do so.  Defendants deny the remainder to paragraph 79.

## JURISDICTION AND VENUE

68. Defendants deny paragraphs 80-81.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 and therefore deny it.

## CLAIMS FOR RELIEF

## COUNT ONE

### (Second Amendment – Permit-to-Purchase)

70. Defendants admit and deny paragraph 83 as set out above.

**Page 11 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *EYRE*
             PLAINTIFFS' FIRST AMENDED COMPLAINT**

71. In response to paragraph 84, defendants admit that the quotation reflects a portion of text from *Bruen*, 142 S. Ct. at 2125; that decision speaks for itself.

72. Defendants deny paragraphs 85-87.

73. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88.

74. In response to paragraph 89, defendants admit that background-check regimes are consistent with the Second Amendment. Defendants admit that the quotation reflects a portion of text from *Bruen*, 142 S. Ct. at 2138 n.9; that decision speaks for itself. Defendants deny the remainder of paragraph 89.

75. Defendants deny paragraphs 90-91.

76. In response to paragraph 92, defendants admit that the quotations reflect portions of text from Measure 114 and a previous version of ORS 166.412; those laws speak for themselves. Defendants admit that Measure 114 closes a loophole that allowed some transferees of firearms to obtain a firearm without completing a background check. Defendants deny the remainder of paragraph 92.

77. In response to paragraph 93, defendants admit that background checks do not prevent most law-abiding citizens from obtaining firearms. Defendants deny the remainder of paragraph 93.

78. Defendants deny paragraphs 94-95.

79. In response to paragraph 96, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that no in-person demonstration instructors have been certified. Defendants deny the remainder of paragraph 96.

80.     In response to paragraph 97, defendants admit that there is nothing novel about the concern that firearms might fall into the wrong hands and background-check regimes have been used to address that concern for decades.  Defendants deny the remainder of paragraph 97.

81.     Defendants deny paragraph 98.

## COUNT TWO

### (Due Process – Permit-to-Purchase)

82.     Defendants admit and deny paragraph 99 as set out above.

83.     In response to paragraph 100, defendants admit that the Due Process Clause restricts some government action, as set forth in the Clause and in the judicial decisions interpreting that Clause; the Due Process Clause and those judicial decisions speak for themselves.  Defendants deny the remainder of paragraph 100.

84.     In response to paragraph 101, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that no live-fire training courses are approved and therefore deny it.  Defendants deny the remainder of paragraph 101.

## COUNT THREE

### (Second Amendment – Large-Capacity Magazine Ban)

85.     Defendants admit and deny paragraph 102 as set out above.

86.     In response to paragraph 103, defendants admit that the quotation reflects a portion of text from *Bruen*, 142 S. Ct. at 2125; that decision speaks for itself.

87.     Defendants deny paragraph 104.

88.     In response to paragraph 105, defendants admit that the quotation attributed to the Ninth Circuit reflects a portion of text from the cited decision.  Defendants deny the remainder of paragraph 105.

89.     In response to paragraph 106, defendants admit that the quotations reflect portions of text from the Second Amendment and the United States Supreme Court decisions in *Bruen* and *Heller*; the Second Amendment, *Bruen*, and *Heller* speak for themselves.  Defendants deny the remainder of paragraph 106.

90.     In response to paragraph 107, defendants admit that not all arms are constitutionally protected.  Defendants admit that the quotations, aside from "speech," reflect portions of text from the United States Supreme Court decisions in *Bruen* and *Heller*; *Bruen* and *Heller* speak for themselves. Defendants deny the remainder of paragraph 107.

91.     In response to paragraph 108, defendants deny the first sentence.  Defendants admit that the quotations reflect portions of text from Ninth Circuit and United State Supreme Court decisions; those decisions speak for themselves.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore deny them.

92.     Defendants deny paragraphs 109-111.

93.     In response to paragraph 112, defendants admit that other states restrict large-capacity magazines.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the federal government, Congress, and the United States Department of Justice and therefore deny them.  Defendants deny the remainder of paragraph 112.

94.     In response to paragraph 113, defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the sale of surplus carbines and therefore deny them.  Defendants admit that the quotations attributed to *Bruen*

reflect portions of text from that decision; *Bruen* speaks for itself.  Defendants deny the remainder of paragraph 113.

  95.  Defendants deny paragraph 114.

## COUNT FOUR

### (Takings Clause – Large-Capacity Magazine Ban)

  96.  Defendants admit and deny paragraph 115 as set out above.

  97.  In response to paragraphs 116-118, defendants admit that the quotations reflect portions of text from the United States Constitution and United State Supreme Court decisions; the Constitution and United States Supreme Court decisions speak for themselves.  Defendants deny the remainder of paragraphs 116-118.

  98.  Defendants deny paragraph 119.

  99.  In response to paragraph 120, defendants admit that the quotations reflect portions of text from Measure 114.  Defendants admit that Measure 114's restrictions on large-capacity magazines do not apply to licensed gun dealers during the first 180 days following the effective date of the Measure under certain conditions identified in the Measure; the Measure speaks for itself.  Defendants deny the remainder of paragraph 120.

  100.  Defendants deny paragraph 121.

  101.  In response to paragraph 122, defendants admit that the quotation reflects portions of text from a United State Supreme Court decision.  Defendants deny the remainder of paragraph 122.

  102.  Defendants deny paragraphs 123-124.

## COUNT FIVE

### (Due Process – Large-Capacity Magazine Ban)

  103.  Defendants admit and deny paragraph 125 as set out above.

104. In response to paragraphs 126-127, defendants admit that the quotations reflect portions of text from a United State Supreme Court decision; the United States Supreme Court decision speaks for itself. Defendants deny the remainder of paragraphs 126-127.

105. Defendants deny paragraphs 128-129.

## COUNT SIX

### (Vagueness – Large-Capacity Magazine Ban)

106. Defendants admit and deny paragraph 130 as set out above.

107. In response to paragraph 131, defendants admit that the quotations reflect portions of text from Measure 114. Defendants deny the remainder of paragraph 131.

108. Defendants deny paragraph 132.

109. In response to paragraph 133, defendants admit that the quotations reflect portions of text from *Forbes v. Napolitano,* 236 F.3d 1009, 1011 (9th Cir. 2000). Defendants deny the remainder of paragraph 133.

110. In response to paragraph 134, defendants admit that the quotations reflect portions of text from *Peoples Rights Org., Inc. v. City of Columbus,* 152 F.3d 522, 537 (6th Cir. 1998). Defendants deny the remainder of paragraph 134.

111. Defendants deny paragraphs 135-137.

## PRAYER FOR RELIEF

112. In response to the Prayer for Relief, defendants deny that plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

113. Plaintiffs fail to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

114.   Plaintiffs' claims are barred, in whole or in part, because they lack standing to bring their claims on behalf of themselves and/or their members.

## THIRD AFFIRMATIVE DEFENSE

### (Ripeness)

115.   Plaintiffs' claims are barred to the extent they constitute an as-applied challenge to Measure 114 because claims brought under this theory are not justiciable under the doctrine of ripeness.

## FOURTH AFFIRMATIVE DEFENSE

### (Mootness)

116.   Plaintiffs' claims are barred, in whole or in part, by the doctrine of mootness to the extent that a state court has provided the relief plaintiffs seek.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary Parties)

117.   Plaintiffs' claims are barred, in whole or in part, for failure to join necessary parties under FRCP 19 because the First Amended Complaint fails to join permitting agents, without whom "the court cannot accord complete relief among existing parties."

## SIXTH AFFIRMATIVE DEFENSE

### (Eleventh Amendment/Sovereign Immunity)

118.   Plaintiffs' claims are barred, in whole or in part, by the Eleventh Amendment of the U.S. Constitution and the doctrine of sovereign immunity, to the extent they intend to seek damages (compensatory, nominal, or otherwise) against any defendant acting in their official capacity.  *See* ECF 114, Case No. 2:22-cv-01815-IM.

## SEVENTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

119. Plaintiffs' claims are barred, in whole or in part, by the doctrine of qualified immunity, to the extent they intend to seek relief, including damages (compensatory, nominal, or otherwise), against any defendant acting in their individual capacity.  *See* ECF 114, Case No. 2:22-cv-01815-IM.

DATED this 3rd day of March, 2023.

>
> ELLEN ROSENBLUM
> ATTORNEY GENERAL
> FOR THE STATE OF OREGON
>
> By: *s/ Harry B. Wilson*
> Harry B. Wilson, OSB #077214
> HarryWilson@MarkowitzHerbold.com
> Hannah K. Hoffman, OSB #183641
> HannahHoffman@MarkowitzHerbold.com
>
> *Special Assistant Attorney General for Defendants*
>
> Brian Simmonds Marshall
> brian.s.marshall@doj.state.or.us
> *Of Attorney for Defendants*

1413501