**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Hannah K. Hoffman, OSB #183641**
HannahHoffman@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201-3412
(503) 295-3085

    Special Assistant Attorneys General for Defendants

**Ellen F. Rosenblum, OSB #753239**
Attorney General
**Brian Simmonds Marshall, OSB #196129**
Senior Assistant Attorney General
Brian.S.Marshall@doj.state.or.us
**DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
(971) 673-1880

    Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TINA KOTEK, et al.,<br><br>    Defendants,<br><br>and | Case No. 2:22-cv-01815-IM (lead case)<br>3:22-cv-01859-IM (trailing case)<br>3:22-cv-01862-IM (trailing case)<br>3:22-cv-01869-IM (trailing case)<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *AZZOPARDI* PLAINTIFFS' COMPLAINT** |

**Page 1 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *AZZOPARDI* PLAINTIFFS' COMPLAINT**

| | |
|---|---|
| OREGON ALLIANCE FOR GUN SAFETY, | |
| Intervenor-Defendant. | |
| MARK FITZ, et al., | |
| Plaintiffs, | |
| v. | |
| ELLEN F. ROSENBLUM, et al., | |
| Defendants. | |
| KATERINA B. EYRE, et al., | |
| Plaintiffs, | |
| v. | |
| ELLEN F. ROSENBLUM, et al., | |
| Defendants, | |
| and | |
| OREGON ALLIANCE FOR GUN SAFETY, | |
| Intervenor-Defendant. | |
| DANIEL AZZOPARDI, et al., | |
| Plaintiffs, | |
| v. | |
| ELLEN F. ROSENBLUM, et al., | |
| Defendants. | |

Except as specifically admitted below, defendants Ellen Rosenblum and Casey Codding, in their official capacities (collectively "defendants"), deny each and every allegation of plaintiffs' complaint. Defendants further answer as follows:

## ANSWER

1. Defendants deny paragraph 1.

Page 2 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *AZZOPARDI* PLAINTIFFS' COMPLAINT

2. In response to paragraph 2, defendants admit that the quotation contains portions of text from *District of Columbia v. Heller,* 554 U.S. 570, 635 (2008).  Defendants deny the remainder of paragraph 2.

3. In response to paragraph 3, defendants admit that the quotation contains portions of text from *McDonald v. City of Chicago,* 561 U.S. 742, 750, 791 (2010).  Defendants admit that, as described in United States Supreme Court caselaw, the Second Amendment of the U.S. Constitution is incorporated as applicable to the states.  Defendants deny the remainder of paragraph 3.

4. In response to paragraph 4, defendants admit that the quotation contains portions of text from *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S. Ct. 2111, 2126 (2022); that decision speaks for itself.

5. Defendants deny paragraph 5.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 6 and therefore deny it.

7. In response to paragraph 7, defendants admit that Measure 114 requires many individuals to obtain a permit to purchase a firearm in many circumstances.  Defendants deny the remainder of paragraph 7.

8. In response to paragraph 8, defendants admit that the quotation contains portions of text from *Bruen,* 142 S. Ct. at 2156.  Defendants deny the remainder of paragraph 8.

### JURISDICTION AND VENUE

9. Defendants deny paragraphs 9 and 10.

10. In response to paragraph 11, defendants admit venue is proper in this Court.

## PARTIES

11.In response to paragraph 12, defendants deny the last sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12 and therefore deny them.

12.In response to paragraphs 13, defendants deny the last sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13 and therefore deny them.

13.In response to paragraph 14, defendants admit the first sentence.  Defendants admit that ORS 180.060(5) authorizes the Attorney General to advise and direct the district attorneys in all criminal causes and matters relating to state affairs in their respective counties.

14.In response to paragraph 15, defendants admit that Terrie Davie was superintendent of the Oregon State Police at the time the lawsuit was filed but deny she is presently superintendent.  Casey Codding is substituted as defendant pursuant to FRCP 25(d).  Defendants admit that, as described in ORS 181A.030, the Superintendent of the Oregon State Police is the executive and administrative head of the Oregon State Police.  Defendants admit that, as described in ORS 181A.080, the Oregon State Police are charged with the enforcement of all criminal laws.  Defendants deny the remainder of paragraph 15.

## THE LAW AT ISSUE

15.In response to paragraph 16, defendants admit that the quotations contain portions of text from Measure 114.  Defendants admit that Measure 114 requires many individuals to obtain a permit to purchase a firearm in many circumstances.

16.Defendants deny paragraph 17.

17.In response to paragraph 18, defendants admit that the quotations contain portions of text from Measure 114.  Defendants admit that, as described in Measure 114, permit

applicants must apply with local police chiefs or sheriffs, submit to fingerprinting and photographing by the permit agent, and successfully complete a criminal background check. Defendants admit that, as described in Measure 114, an application for a permit must state any additional information determined necessary by Oregon State Police rules. Defendants deny the remainder of paragraph 18.

18. In response to paragraph 19, defendants admit that the quotations contain portions of text from Measure 114. Defendants admit that, as described in Measure 114, to be qualified to be issued a permit, an applicant must provide proof of completion of a firearm safety course and that course includes an in-person demonstration component.

19. Defendants admit paragraphs 20-21.

20. Defendants deny paragraph 22.

## STATEMENT OF FACTS

21. In response to paragraph 23, defendants admit that Measure 114 had an effective date of December 8, 2022, but deny that Measure 114 went into effect.

22. Defendants admit paragraph 24.

23. Defendants deny paragraphs 25-26.

24. In response to paragraph 27, defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that there has been no guidance on who will qualify as an instructor certified by a law enforcement agency. Defendants deny the remainder of paragraph 27.

25. Defendants deny paragraphs 28-29.

26. In response to paragraphs 30-32, defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

27. Defendants deny paragraph 33.

**Page 5 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *AZZOPARDI* PLAINTIFFS' COMPLAINT**

28.     In response to paragraphs 34-35, defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

29.     In response to paragraph 36, defendants deny the last two sentences.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

30.     Defendants deny paragraphs 37-38.

## FIRST CLAIM FOR RELIEF

### (Second Amendment and Due Process – As-Applied)

31.     Defendants admit and deny paragraph 39 as set out above.

32.     Defendants admit paragraph 40.

33.     Defendants deny paragraphs 41-44.

## PRAYER FOR RELIEF

34.     In response to the Prayer for Relief, defendants deny that plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

35.     Plaintiffs fail to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

36.     Plaintiffs' claims are barred, in whole or in part, because they lack standing to bring their claims.

### THIRD AFFIRMATIVE DEFENSE

### (Ripeness)

37. Plaintiffs' claims are barred because they are not ripe. No plaintiff has attempted to obtain a permit.

### FOURTH AFFIRMATIVE DEFENSE

### (Mootness)

38. Plaintiffs' claims are barred, in whole or in part, by the doctrine of mootness to the extent that a state court has provided the relief plaintiffs seek.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary Parties)

39. Plaintiffs' claims are barred, in whole or in part, for failure to join necessary parties under FRCP 19 because the complaint fails to join permitting agents, without whom "the court cannot accord complete relief among existing parties."

### SIXTH AFFIRMATIVE DEFENSE

### (Eleventh Amendment/Sovereign Immunity)

40. Plaintiffs' claims are barred, in whole or in part, by the Eleventh Amendment of the U.S. Constitution and the doctrine of sovereign immunity, to the extent they intend to seek damages (compensatory, nominal, or otherwise) against any defendant acting in their official capacity. *See* ECF 114, Case No. 2:22-cv-01815-IM.

DATED this 3rd day of March, 2023.

                ELLEN ROSENBLUM
                ATTORNEY GENERAL
                FOR THE STATE OF OREGON

By:   *s/ Harry B. Wilson*
       Harry B. Wilson, OSB #077214
       HarryWilson@MarkowitzHerbold.com
       Hannah K. Hoffman, OSB #183641
       HannahHoffman@MarkowitzHerbold.com

        *Special Assistant Attorney General for Defendants*

       Brian Simmonds Marshall
       brian.s.marshall@doj.state.or.us
        *Of Attorney for Defendants*

1412621

**Page 8 -**   **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO** *AZZOPARDI* **PLAINTIFFS' COMPLAINT**