Jessica A. Skelton, OSB #102714
jessica.skelton@pacificalawgroup.com
PACIFICA LAW GROUP LLP
1191 2nd Avenue, Suite 2000
Seattle, WA 98101-3404
206-245-1700

*Attorney for Intervenor-Defendant*
*Oregon Alliance for Gun Safety*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>TINA KOTEK, et al.,<br><br>                    Defendants,<br><br>     and<br><br>OREGON ALLIANCE FOR GUN SAFETY,<br><br>                    Intervenor-Defendant. | Case No. 2:22-cv-01815-IM *(Lead Case)*<br>Case No. 3:22-cv-01859-IM *(Trailing Case)*<br>Case No. 3:22-cv-01862-IM *(Trailing Case)*<br>Case No. 3:22-cv-01869-IM *(Trailing Case)*<br><br>CONSOLIDATED CASES<br><br>INTERVENOR-DEFENDANT OREGON ALLIANCE FOR GUN SAFETY'S ANSWER TO *EYRE* PLAINTIFFS' FIRST AMENDED COMPLAINT |
| MARK FITZ, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>ELLEN F. ROSENBLUM, et al.,<br><br>                    Defendants. | |
| KATERINA B. EYRE, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>ELLEN F. ROSENBLUM, et al.,<br><br>                    Defendants,<br>     and | |

INTERVENOR-DEFENDANT OREGON ALLIANCE FOR
GUN SAFETY'S ANS. TO *EYRE* PLFS.' 1st AMEND. COMPL. - i

| |
|---|
| OREGON ALLIANCE FOR GUN SAFETY,<br><br>                    Intervenor-Defendant. |
| DANIEL AZZOPARDI, et al.,<br><br>             Plaintiffs,<br>     v.<br>ELLEN F. ROSENBLUM, et al.,<br><br>                Defendants. |

Intervenor-Defendant Oregon Alliance for Gun Safety (the "Alliance") answers the First Amended Complaint (the "Complaint") of Plaintiffs Katerina B. Eyre, et al. ("Plaintiffs"), ECF 67 (lead case), as follows:

The unnumbered paragraph at the outset of the Complaint contains characterizations of this action and legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

1.     The first sentence of Paragraph 1 quotes the Second Amendment to the U.S. Constitution. The second sentence of Paragraph 2 consists of subjective characterizations, hyperbolic rhetoric, and legal conclusions or argument, none of which requires a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same.

2.     The Alliance admits that Measure 114 was democratically approved by the majority of Oregon voters at the ballot box. The second sentence of Paragraph 2 contains legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same. Except as expressly admitted above, the Alliance denies any remaining allegations in Paragraph 2.

3.     Paragraph 3 contains subjective characterizations, hyperbolic rhetoric, and legal conclusions or argument, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

4.     The Alliance admits that Measure 114 adopts a permitting system for individuals who wish to purchase firearms, which requires completion of a firearms training course. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in the fourth sentence of Paragraph 4, which shall have the effect of a denial. The

remainder of Paragraph 4 contains legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

5.      Paragraph 5 contains subjective characterizations, hypothetical opinion, and legal conclusions or argument, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

6.      Paragraph 6 contains subjective characterizations, hypothetical opinion, argumentative rhetoric, and legal conclusions or argument, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

7.      The Alliance admits that Paragraph 7 quotes portions of the text of the cited article, which speaks for itself. The remainder of Paragraph 7 contains subjective characterizations, hypothetical opinion, argumentative rhetoric, and legal conclusions or argument, none of which requires a response by way of factual pleading. To the extent a further response is required, the Alliance denies the same.

8.      Paragraph 8 contains subjective characterizations, hypothetical opinion, argumentative rhetoric, and legal conclusions or argument, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

9.      The Alliance admits that Paragraph 9 quotes a portion of the text of the cited article, which speaks for itself. The Alliance admits that the Court stayed enforcement of some provisions of Measure 114. The Court's stay speaks for itself. The remainder of Paragraph 9 consists of subjective characterizations, hypothetical opinion, and legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

10.     The Alliance admits that the Court stayed enforcement of some provisions of Measure 114. The Court's stay speaks for itself. The remainder of Paragraph 10 contains legal

conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

11.    Denied.

12.    Denied.

13.    The Alliance admits that Paragraph 13 quotes part of Measure 114's text. The remainder of Paragraph 13 consists of legal conclusions or argument that require no response, but to the extent a response is required, the Alliance denies the same.

14.    The Alliance admits that Paragraph 14 quotes part of the cited panel decision of the U.S. Court of Appeals for the Ninth Circuit, which was vacated on grant of rehearing en banc. The Alliance lacks knowledge or information sufficient to form a belief as to the truth of the quoted part of the opinion, which shall have the effect of a denial. The remaining allegations in Paragraph 14 consist of subjective characterizations that do not require a response, but to the extent a response is required, the Alliance denies the same. The Alliance specifically denies that large-capacity magazines ("LCMs"), as defined by Measure 114, are commonly used for self-defense.

15.    Paragraph 15 consists of subjective characterizations and legal conclusions and argument, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

16.    The Alliance admits that Paragraph 16 quotes a portion of Measure 114's text, which speaks for itself. The remaining allegations in Paragraph 16 consist of legal conclusions or argument, which do not require a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same.

17.    Defendants admit that Paragraph 17 quotes a portion of the cited Ninth Circuit decision. The Alliance denies the remaining allegations in Paragraph 17.

18.    Denied.

19.    The Alliance admits that Paragraph 19 quotes parts of the text of the Second Amendment and the cited U.S. Supreme Court decision. Except as expressly admitted above, the Alliance denies the remaining allegations in Paragraph 19.

20.    Paragraph 20 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

21.    Paragraph 21 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

22.    Paragraph 22 contains subjective characterizations, matters of pure opinion, and legal conclusions or argument, none of which require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

23.    Paragraph 23 contains characterizations of this action and the relief Plaintiffs seek, which do not require a response. To the extent a response is required, the Alliance denies the same.

## THE PARTIES

24.    The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 24, which shall have the effect of a denial.

25.    The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 25, which shall have the effect of a denial.

26.    The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 26, which shall have the effect of a denial.

27.    The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 27, which shall have the effect of a denial.

28.     The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 28, which shall have the effect of a denial.

29.     The Alliance admits that Ellen Rosenblum is the Attorney General of Oregon and that her principal office is in Salem, Oregon. The remainder of Paragraph 29 consists of legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

30.     With respect to the first sentence of Paragraph 30, the Alliance admits that Terrie Davie was the superintendent of the Oregon State Police ("OSP") when the Complaint was filed. Defendant Casey Codding was appointed OSP superintendent on or about February 13, 2023. The Alliance further admits that OSP's general headquarters are in Salem, Oregon. The remainder of Paragraph 30 consist of legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

## BACKGROUND

31.     The Alliance denies the heading, "Oregon Enacts One of the Strictest Gun Laws in the Country—Measure 114—Adding a Duplicative 'Permit to Purchase' Regime and Banning 'Large Capacity' Magazines." Paragraph 31 contains legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

32.     The Alliance admits that Paragraph 32 quotes part of the text of the Supreme Court decision cited. The remainder of Paragraph 32 contains legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

33.     Paragraph 33 contains legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

34.     Paragraph 34 contains legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

35.     The Alliance admits that Measure 114 was a ballot initiative that was the result of a grassroots movement of concerned Oregonians. The Alliance denies that Measure 114, which was filed as Initiative Petition 17, was proposed "after *Bruen*." The remainder of Paragraph 35 consists of subjective characterizations and legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

36.     The Alliance admits that Measure 114 was democratically approved by the majority of Oregon voters at the ballot box on November 8, 2022. The remainder of Paragraph 36 consists of subjective characterizations and legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

37.     The Alliance denies the heading, "Measure 114 Erects a Kafkaesque Permitting Regime." Paragraph 37 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

38.     Paragraph 38 contains subjective characterizations and legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

39.     Paragraph 39 contains subjective characterizations and legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

40.     The Alliance admits that Paragraph 40 quotes portions of the cited federal statute. The remainder of Paragraph 40 consists of subjective characterizations and legal conclusions or

argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

41.     The Alliance admits that Paragraph 41 quotes portions of the text of Measure 114. The remainder of Paragraph 41 consists of subjective characterizations and legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

42.     The Alliance admits that Paragraph 42 quotes portions of the text of Measure 114. The remainder of Paragraph 42 consists of subjective characterizations, hyperbolic rhetoric, and legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

43.     The Alliance admits that Paragraph 43 quotes portions of the text of Measure 114. The remainder of Paragraph 43 consists of subjective characterizations, hyperbolic rhetoric, and legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

44.     The Alliance denies the heading, "Measure 114 Makes it a Crime to Possess, Sell, or Manufacture Commonplace Arms." Paragraph 44 consists of subjective characterizations and legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

45.     The Alliance admits the first and third sentences of Paragraph 45. The second sentence of Paragraph 45 consists of subjective characterizations to which no response is required, but to the extent a response is required, the Alliance denies the same.

46.     The Alliance denies the heading, "The types of arms that Measure 114 bans have long been owned by law-abiding Americans for lawful purposes, including self-defense." In

response to Paragraph 46, the Alliance admits that, to the extent weapons capable of firing more than ten rounds existed before the 20th century, they were experimental, unusual, impractical, unreliable, prohibitively expensive, or otherwise not analogous to modern firearms equipped with LCMs—and thus unlikely to necessitate government regulation. Except as expressly admitted above, the Alliance denies any remaining allegations in Paragraph 46.

47.     The Alliance admits that, to the extent weapons capable of firing more than ten rounds existed before the 20th century, they were experimental, unusual, impractical, unreliable, prohibitively expensive, or otherwise not analogous to modern firearms equipped with LCMs— and thus unlikely to necessitate government regulation. The Alliance further admits that Joseph Belton—not "John Belton"—tried and failed to convince the Continental Congress to purchase a repeating rifle, but the Alliance denies that historical examples of this particular firearm exist. Except as expressly admitted above, the Alliance denies any remaining allegations in Paragraph 47. The Alliance specifically denies that 17th- or 18th-century firearms capable of firing more than ten rounds without reloading were widely owned in the United States or nearly as dangerous as modern firearms equipped with LCMs.

48.     The Alliance admits that, to the extent weapons capable of firing more than ten rounds existed before the 20th century, they were experimental, unusual, impractical, unreliable, prohibitively expensive, or otherwise not analogous to modern firearms equipped with LCMs— and thus unlikely to necessitate government regulation. Except as expressly admitted above, the Alliance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48, which shall have the effect of a denial. The Alliance specifically denies that 18th-century firearms capable of firing more than ten rounds without

reloading were widely owned in the United States or nearly as dangerous as modern firearms equipped with LCMs.

49.    The Alliance admits that Lewis and Clark's Girardoni (or Girandoni) air rifle had a 22-round capacity—but it required numerous strokes of a hand pump to charge, it was not manufactured in large quantities, and even fewer than that ever made it to the United States. Except as expressly admitted above, the Alliance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49, which shall have the effect of a denial. The Alliance specifically denies that the Girardoni air rifle was widely owned in the United States or nearly as dangerous as modern firearms equipped with LCMs.

50.    The Alliance admits that, to the extent weapons capable of firing more than ten rounds existed before the 20th century, they were experimental, unusual, impractical, unreliable, prohibitively expensive, or otherwise not analogous to modern firearms equipped with LCMs— and thus unlikely to necessitate government regulation. Except as expressly admitted above, the Alliance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50, which shall have the effect of a denial. The Alliance specifically denies that 19th-century firearms capable of firing more than ten rounds without reloading were widely owned in the United States or nearly as dangerous as modern firearms equipped with LCMs.

51.    The Alliance admits that Paragraph 51 quotes a portion of the text of a dissenting opinion in the cited case. The Alliance further admits that unlike modern semi-automatic firearms with detachable LCMs, the Winchester 1866 rifle was a multi-shot firearm with tubular magazines that were permanently affixed to the barrel of the gun and required users to operate a lever after firing each shot to load a new round into the chambers—a time-consuming process.

52.    The Alliance admits that some lever-action firearms in the 19th century had a capacity over 10 rounds and that loading a new round into the chamber was a time-consuming process—in contrast to modern semi-automatic firearms with detachable LCMs. Except as specifically admitted above, the Alliance lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52, which shall have the effect of a denial. The Alliance specifically denies that 19th-century firearms capable of firing more than ten rounds without reloading were widely owned in the United States or nearly as dangerous as modern firearms equipped with LCMs.

53.    The Alliance admits that Paragraph 53 quotes a portion of the text of a dissenting opinion in the cited case. Except as expressly admitted above, the Alliance denies the remaining allegations in Paragraph 53.

54.    The Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, which shall have the effect of a denial.

55.    The Alliance denies the heading, "The types of arms that Measure 114 bans are owned today by millions of law-abiding Americans for lawful purposes, including self-defense." Paragraph 55 consists of subjective characterizations that do not require a response by way of factual pleading. To the extent a response is required, Paragraph 55 is denied.

56.    The Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, which shall have the effect of a denial.

57.    The Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, which shall have the effect of a denial.

58.    The Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, which shall have the effect of a denial.

59.     The Alliance admits that Paragraph 59 quotes a portion of the cited case. Except as expressly admitted above, the Alliance lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59, which shall have the effect of a denial.

60.     Denied.

61.     Paragraph 61 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

62.     Paragraph 62 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

63.     Paragraph 63 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

64.     The Alliance admits that Paragraph 64 quotes portions of Measure 114's text, which speaks for itself. Paragraph 64's remaining allegations consist of legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

65.     The Alliance admits that Paragraph 65 quotes portions of Measure 114's text, which speaks for itself. Paragraph 65's remaining allegations consist of legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

66.     The Alliance admits that Paragraph 66 quotes portions of Measure 114's text, which speaks for itself. Paragraph 66's remaining allegations consist of legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

67.     The Alliance admits that Paragraph 67 quotes portions of Measure 114's text, which speaks for itself. Paragraph 67's remaining allegations consist of legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

68.     The Alliance admits that Paragraph 68 quotes portions of Measure 114's text, which speaks for itself. Paragraph 68's remaining allegations consist of legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

69.     The Alliance admits that Paragraph 69 quotes portions of an Oregon statute's text, which speaks for itself. Paragraph 69's remaining allegations consist of legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

70.     The Alliance admits that Paragraph 70 quotes portions of Measure 114's text, which speaks for itself. Paragraph 70's remaining allegations consist of legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

71.     Paragraph 71 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

72.     The Alliance denies the heading, "Oregon Rushes to Implement Measure 114, Heedless of the Burdens it Will Impose on Individuals' Constitutional Rights." The Alliance admits that Paragraph 72 quotes portions of the text of the cited article. Except as expressly admitted above, the Alliance denies the remaining allegations of Paragraph 72.

73.     The Alliance admits that Paragraph 73 quotes portions of Measure 114's text. The remainder of Paragraph 73 consists of subjective characterizations and legal conclusions or argument that do not require a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same.

74.     The Alliance admits that Measure 114's effective date was set as December 8, 2022. The remainder of Paragraph 74 is denied.

75.     The Alliance denies the first sentence of Paragraph 75. The Alliance admits that Paragraph 75 quotes a portion of the text of the cited article. The Alliance lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 75, which shall have the effect of a denial.

76.     The Alliance admits that Paragraph 76 quotes portions of the text of the cited website made by opponents of Measure 114. Except as expressly admitted above, the remainder of Paragraph 114 is denied.

77.     Paragraph 77 consists of subjective characterizations and legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

78.     The Alliance denies the first textual sentence of Paragraph 78. The Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second textual sentence of Paragraph 78, which shall have the effect of a denial.

79.     Paragraph 79 consists of subjective characterizations and legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

## JURISDICTION AND VENUE

80.    The Alliance admits that the Court has subject matter jurisdiction.

81.    Paragraph 81 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

82.    The Alliance admits that venue is proper in this Court.

## CLAIMS FOR RELIEF

### COUNT ONE
### (Second Amendment – "Permit to Purchase" Regime)

83.    The Alliance incorporates its responses as set forth above.

84.    The Alliance admits that Paragraph 84 quotes a portion of the text of the cited case, which speaks for itself.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Paragraph 88 consists of subjective characterizations and legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

89.    The Alliance admits that Paragraph 89 quotes a portion of the text of the cited case, which speaks for itself. The remainder of Paragraph 89 consists of legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

90.    Denied.

91.    Denied.

92.     The Alliance admits that Paragraph 92 quotes portions of Measure 114's text, which speaks for itself. The reminder of Paragraph 92 consists of legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

93.     The Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second textual sentence of Paragraph 93, which shall have the effect of a denial.

94.     Paragraph 94 consists of subjective characterizations, hypothetical opinions, hyperbolic rhetoric, and legal conclusions or argument, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

95.     Paragraph 95 consists of subjective characterizations, hypothetical opinions, and legal conclusions or argument, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

96.     The Alliance denies the final sentence of Paragraph 96. The Alliance lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96, which shall have the effect of a denial.

97.     Denied.

98.     Denied.

## COUNT TWO
### (Due Process Clause – "Permit to Purchase" Regime)

99.     The Alliance incorporates its responses as set forth above.

100.     Paragraph 100 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

101.    The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in the second, third, and fourth sentences of Paragraph 101, which shall have the effect of a denial. The remainder of Paragraph 101 consists of subjective characterizations, hypothetical opinions, and legal conclusions or argument, none of which requires a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same.

## COUNT THREE
### (Second Amendment – Magazine Ban)

102.    The Alliance incorporates its responses as set forth above.

103.    Paragraph 103 quotes a portion of the text of the case cited. The decision speaks for itself.

104.    Denied.

105.    The Alliance admits that Paragraph 105 contains text from the cited decision of the U.S. Court of Appeals for the Ninth Circuit. Except as expressly admitted above, the remainder of Paragraph 105 is denied.

106.    Paragraph 106 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

107.    Paragraph 107 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

108.    The Alliance denies the first sentence of Paragraph 108. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in the second, third, and fourth sentences of Paragraph 108, which shall have the effect of a denial.

109.    Denied.

110.    Denied.

111.    Paragraph 111 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

112.    Paragraph 112 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

113.    The Alliance admits that, to the extent weapons capable of firing more than ten rounds existed before the 20th century, they were experimental, unusual, impractical, unreliable, prohibitively expensive, or otherwise not analogous to modern firearms equipped with LCMs—and thus unlikely to necessitate government regulation. The Alliance specifically denies that 19th-century firearms capable of firing more than ten rounds without reloading were nearly as dangerous as modern firearms equipped with LCMs. The remainder of Paragraph 113 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

114.    Paragraph 114 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

## COUNT FOUR
### (Takings Clause – Magazine Ban)

115.    The Alliance incorporates its responses as set forth above.

116.    The Alliance admits that Paragraph 116 quotes the U.S. Constitution and accurately describes the Supreme Court decision cited.

117.    Paragraph 117 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

118.    Paragraph 118 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

119.    Denied.

120.    The Alliance admits that Paragraph 120 quotes portions of the text of Measure 114, which speaks for itself. Paragraph 120's remaining allegations consist of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

121.    Denied.

122.    The Alliance admits that Paragraph 122 quotes the text of the cited Supreme Court decision, which speaks for itself. The Alliance denies any remaining allegations in Paragraph 122.

123.    Denied.

124.    Denied.

## COUNT FIVE
### (Due Process Clause – Magazine Ban)

125.    The Alliance incorporates its responses as set forth above.

126.    Paragraph 126 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

127.    Denied.

128.    Denied.

129.    Denied.

**COUNT SIX**
**(Vagueness – "Large-Capacity Magazine" Ban)**

130.    The Alliance incorporates its responses as set forth above.

131.    The Alliance admits that Paragraph 131 quotes portions of the text of Measure 114, which speaks for itself. The Alliance denies any remaining allegations in Paragraph 131.

132.    Denied.

133.    Paragraph 133 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

134.    Paragraph 134 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

135.    Denied.

136.    Denied.

137.    Denied.

## PRAYER FOR RELIEF

The Prayer for Relief portion of the Complaint makes no allegation to which an answer is required. To the extent a response is required, the Alliance denies that Plaintiffs are entitled to the requested relief or any relief whatsoever.

## OMNIBUS DENIAL

Unless otherwise specifically admitted above, the Alliance denies each and every remaining allegation in the Complaint. The Alliance reserves the right to amend this Answer.

## **AFFIRMATIVE DEFENSES**

The Alliance asserts the following defenses:

1.      Plaintiffs fail to state a claim upon which relief can be granted.

The Alliance incorporates by reference and adopts as its own any defense asserted by any other Defendant, and reserves the right to amend this Answer to assert additional defenses and affirmative defenses as additional facts are obtained through investigation and discovery.

## **ALLIANCE'S PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Complaint and having asserted defenses and affirmative defenses, the Alliance respectfully requests the following relief:

1.      That the Complaint be dismissed with prejudice and that no relief be granted to Plaintiffs;

2.      That the Court enter final judgment in the Alliance's and Defendants' favor;

3.      That the Court award the Alliance its reasonable expenses, costs, and attorney fees incurred in defending this action as authorized by law or equity; and

4.      All other relief as the Court deems just and equitable.


DATED this 3rd day of March, 2023.

PACIFICA LAW GROUP LLP

*s/Zachary J. Pekelis*
Jessica A. Skelton, OSB #102714
Zachary J. Pekelis, *Pro Hac Vice*
Kai A. Smith, *Pro Hac Vice*
W. Scott Ferron, *Pro Hac Vice*

*Attorneys for Intervenor-Defendant*
*Oregon Alliance for Gun Safety*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of March, 2023, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to all parties who are registered with the CM/ECF system.

DATED this 3rd day of March, 2023.

_____
Erica Knerr