**THE *FITZ* AND *AZZOPARDI* PLAINTIFFS' RENEWED, UNOPPOSED**

**MOTION FOR A PROTECTIVE ORDER**

# EXHIBIT 1

**[PROPOSED] PROTECTIVE ORDER**

James L. Buchal, OSB No. 921618
E-mail: jbuchal@mbllp.com
MURPHY & BUCHAL LLP
P.O. Box 86620
Portland, OR 97286
Tel: 503-227-1011

Derek Angus Lee, OSB No. 213139
Email: angus@angusleelaw.com
ANGUS LEE LAW FIRM, PLLC
9105a NE Hwy 99, Ste. 200
Vancouver, WA 98665
Tel: 360-635-6464

Adam Kraut, *Pro Hac Vice*
Email: akraut@saf.org
SECOND AMENDMENT FOUNDATION
12500 NE Tenth Place
Bellevue, WA 98005

William Sack, *Pro Hac Vice*
Email: Wsack@FPClaw.org
FIREARMS POLICY COALITION, INC.
5550 Painted Mirage Road, Suite 320
Las Vegas, NV 89149

William V. Bergstrom, *Pro Hac Vice*
Email: wbergstrom@cooperkirk.com
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036
Tel: 202-220-9622

*Attorneys for Plaintiffs Fitz & Azzopardi et al.*

THE HONORABLE KARIN J. IMMERGUT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., *et al.*,<br><br>　　　　　　Plaintiffs,<br>　v.<br><br>TINA KOTEK, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:22-cv-01815-IM (Lead Case)<br>　　　　3:22-cv-01859-IM (Trailing Case)<br>　　　　3:22-cv-01862-IM (Trailing Case)<br>　　　　3:22-cv-01869-IM (Trailing Case)<br><br>**[PROPOSED] PROTECTIVE ORDER** |

| |
|---|
| MARK FITZ, *et al.*, |
| Plaintiffs, |
| v. |
| ELLEN F. ROSENBLUM, *et al.*, |
| Defendants. |
| KATERINA B. EYRE, *et al.*, |
| Plaintiffs, |
| v. |
| ELLEN F. ROSENBLUM |
| Defendants *et al.*, |
| and |
| OREGON ALLIANCE FOR GUN SAFETY, |
| Intervenor-Defendant. |
| DANIEL AZZOPARDI, *et al.*, |
| Plaintiffs, |
| v. |
| ELLEN F. ROSENBLUM *et al.*, |
| Defendants. |

This action concerns whether or not Oregon Measure 114 violates the constitutional rights of Oregonians including plaintiffs, and defendants have sought confidential, nonpublished business information concerning the sales and/or possession of weapons by plaintiffs, including documents and information relating to recent annual sales of weapons in Oregon by the entity plaintiffs. Entry of this Protective Order ("Protective Order") is sought to protect against public disclosure of such documents and information.

The Court found by Minute Order of April 14, 2023 that the information sought to be protected is highly relevant to issues in this case and that the public interest weighs in favor of

the information remaining unsealed. The Court further stated that the Court would entertain a more narrowly tailored protective order that anonymizes the names of particular individuals or entities, so long as the relevant information is available for public view.

The Court finds that good cause exists to protect *the identities* of individual or entity plaintiffs with respect to such information, whether contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony, while permitting public disclosure of the underlying information in a fashion that protects business and privacy interests of particular plaintiffs.

Based upon the above findings, IT IS HEREBY ORDERED as follows:

1. Any party producing documents relating to sales or possession of weapons by particular parties may produce the material in a fashion that would maintain the anonymity of the party releasing the information (*e.g.*, by Bates-stamping the information with prefixes not related to party name, and separately providing an index to relate the Bates stamps to party identity, and redacting information sufficient to identify the party). The producing party shall stamp such documents ("Confidential"), or, in the case of documents produced in native format, add the word "Confidential" to the file names. The parties shall cooperate to utilize a single agreed-upon set of identifiers for such parties (*e.g.*, "Party A," "Party B," etc.), and provide each other a key associating the party identities with particular groups of produced documents.

2. Use of the identity of any party associated with information or documents labeled "Confidential" and subject to this Protective Order shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, competitive or other purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources

outside of this litigation.  Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

       3.       If portions of documents or other materials deemed "Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be filed without any information providing the identity of the parties having produced such documents, but utilizing the agreed-upon set of anonymizing party identifiers.

       4.       To the extent the Court deems it necessary for the Court's purposes to learn the identity of the parties relating to such documents, the Court may issue a future order authorizing the filing of the key identifying parties under seal.

       5.       Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses party identities associated with information subject to this Order. If a transcript containing any such material is filed with the Court, it shall be filed in a fashion that redacts the identity of the party giving the testimony, substituting the agreed-upon party identifier.  Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

       6.       Use of any party identification associated with documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

          a.       Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

      b.      In-house counsel for the parties, and the administrative staff for each in-house counsel.

      c.      Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

      d.      The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

      e.      The authors and the original recipients of the documents.

      f.      Any court reporter or videographer reporting a deposition.

      g.      Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

7. Prior to being shown any documents produced by another party marked "Confidential," and information disclosing the actual identity of the producing party associated with such documents, any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached hereto as Exhibit A.

8. Whenever the identity of the producing party associated with information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

9. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

10. The inadvertent failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential." The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

11.     Designation by either party of information or documents as "Confidential," or failure to so designate, will not be constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential."

12.     Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all keys or other information associating particular parties with the information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

13.     This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

14.     Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

15. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

**IT IS SO ORDERED**.

DATED: _____    _____
Hon. Karin J. Immergut
U. S. District Court Judge


Respectfully submitted by,


James L. Buchal, OSB No. 921618
E-mail: jbuchal@mbllp.com
MURPHY & BUCHAL LLP

Derek Angus Lee, OSB No. 213139
Email: angus@angusleelaw.com
ANGUS LEE LAW FIRM, PLLC

Adam Kraut, *Pro Hac Vice*
Email: akraut@saf.org
SECOND AMENDMENT FOUNDATION

William Sack, *Pro Hac Vice*
Email: Wsack@FPClaw.org
FIREARMS POLICY COALITION, INC.

William V. Bergstrom, *Pro Hac Vice*
Email: wbergstrom@cooperkirk.com
COOPER & KIRK, PLLC

*Attorneys for Plaintiffs Fitz & Azzopardi et al.*

## EXHIBIT A

I,_____ , have been advised by counsel of record for

_____ of the protective order governing the delivery,

publication, and disclosure of confidential documents and information produced in this litigation.

I have read a copy of the protective order and agree to abide by its terms.

                Signed _____

                Printed Name _____

                Date _____