**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Hannah K. Hoffman, OSB #183641**
HannahHoffman@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201-3412
(503) 295-3085
      Special Assistant Attorneys General for Defendants

**Ellen F. Rosenblum, OSB #753239**
Attorney General
**Brian Simmonds Marshall, OSB #196129**
Senior Assistant Attorney General
Brian.S.Marshall@doj.state.or.us
**DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
(971) 673-1880
      Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al.,<br><br>                      Plaintiffs,<br><br>       v.<br><br>TINA KOTEK, et al.,<br><br>                    Defendants,<br><br>      and<br><br>OREGON ALLIANCE FOR GUN SAFETY,<br><br>              Intervenor-Defendant. | Case No. 2:22-cv-01815-IM (lead case)<br>     3:22-cv-01859-IM (trailing case)<br>     3:22-cv-01862-IM (trailing case)<br>     3:22-cv-01869-IM (trailing case)<br><br>**DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |

MARK FITZ, et al.,

                                    Plaintiffs,

                v.

ELLEN F. ROSENBLUM, et al.,

                                    Defendants.

KATERINA B. EYRE, et al.,

                                    Plaintiffs,

                v.

ELLEN F. ROSENBLUM, et al.,

                                    Defendants,

                and

OREGON ALLIANCE FOR GUN SAFETY,

                        Intervenor-Defendant.

DANIEL AZZOPARDI, et al.,

                                    Plaintiffs,

                v.

ELLEN F. ROSENBLUM, et al.,

                                    Defendants.

## INTRODUCTION

The Court should grant a motion for judgment on the pleadings when plaintiffs do not allege facts sufficient to establish their entitlement to relief. In this consolidated action, the *Eyre* and *OFF* plaintiffs bring "individual capacity" claims against former Governor Kate Brown (*OFF* plaintiffs only), Attorney General Ellen Rosenblum, and former Oregon State Police Superintendent Terri Davie. But plaintiffs allege no personal action by any of those officials and, because of a state court injunction, Measure 114 has never gone into effect. Thus, no

defendant has ever violated plaintiffs' constitutional rights by enforcing Measure 114. As such, plaintiffs cannot state a claim against defendants in their individual capacities.

Moreover, defendants would be entitled to qualified immunity even if they had enforced Measure 114 against plaintiffs because Measure 114 does not violate any "clearly established" constitutional right. This Court should grant defendants judgment on the pleadings because plaintiffs do not allege any facts that would support their individual-capacity claims.

## L.R. 7-1 CERTIFICATION

Pursuant to L.R. 7-1(a)(1), the parties have made a good faith effort to resolve this dispute and have been unable to do so.

## MOTION

Pursuant to Federal Rule of Civil Procedure 12(c), this Court should grant defendants Kate Brown, Ellen Rosenblum, and Terri Davie, in their individual capacities, ("Individual-Capacity Defendants") partial judgment on the pleadings against plaintiffs in the *Kathryn B. Eyre, et al. v. Ellen Rosenblum, et al.*, US District Court for Oregon, Case No. 3:22-cv-01862-IM and *Oregon Firearms Federation, Inc., et al. v. Tina Kotek, et al.*, US District Court for Oregon, Case No. 2:22-cv-01815-IM (lead case), cases ("Individual-Capacity Plaintiffs") and enter judgment in the Individual-Capacity Defendants' favor on plaintiffs' damages claims.

## MEMORANDUM OF POINTS AND AUTHORITIES

### PROCEDURAL SUMMARY

Plaintiffs bring four consolidated actions challenging the constitutionality of Ballot Measure 114. Relevant to this motion, plaintiffs in two of these actions seek nominal damages against certain defendants, while plaintiffs in the remaining two actions do not seek any form of damages.

Plaintiffs' claims and allegations regarding damages are as follows:

- *OFF* complaint: The OFF plaintiffs seek nominal damages against defendants Brown, Rosenblum, and Davie. The OFF plaintiffs sue these defendants in their "official and individual capacities." The OFF plaintiffs' complaint contains a single paragraph for each defendant alleging that the defendant exercises "supervision, direction, or control" over the state officials that will eventually enforce Measure 114. (OFF Pls.' Second Am. Compl. ("OFF Compl.") ¶¶ 23-25 (ECF 68).)

- *Eyre* complaint: The Eyre plaintiffs seek nominal damages against Rosenblum and Davie, but not Brown. (*See* Eyre Pls.' First Compl. ("Eyre Compl.") at 42, Prayer 5 (ECF 67) (seeking "nominal damages"); *id.* at 3, Preamble (defining "Defendants" to include only Rosenblum and Davie).) The Eyre plaintiffs' complaint contains no specific allegations about any individual defendant's conduct. The Eyre plaintiffs' complaint does not specify whether the Eyre plaintiffs are suing defendants in their individual capacities or just their official capacities. Because plaintiffs sue state officials for damages, the Court should presume the officials are being sued in their individual capacities. *Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho*, 42 F.3d 1278, 1284 (9th Cir 1994).

- *Azzopardi* complaint: The Azzopardi plaintiffs sue defendants Rosenblum and Davie in their "official capacity[ies]." (*Daniel Azzopardi, et al. v. Ellen Rosenblum, et al.*, US District Court for Oregon, Case No. 3:22-cv-01869-IM, Compl. ¶¶ 14-15 (Dec. 3, 2022).) The Azzopardi plaintiffs' complaint prayer only seeks declaratory and injunctive relief, not damages.

- *Fitz* complaint: The Fitz plaintiffs also sue defendants Rosenblum and Davie in their "official capacity[ies]." (*Mark Fitz, et al. v. Ellen Rosenblum, et al.*, US District Court for Oregon, Case No. 3:22-cv-01859-IM, Compl. ¶¶ 16-17 (Nov. 30, 2022).) The Fitz plaintiffs' complaint prayer only seeks declaratory and injunctive relief, not damages.

This motion seeks judgment on the pleadings against the *OFF* and *Eyre* plaintiffs' claims against the Individual-Capacity Defendants and their accompanying request for damages.

## LEGAL STANDARDS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law[.]" *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citation omitted). A Rule 12(c) "motion for judgment on the pleadings faces the same test as a motion under Rule 12(b)(6)." *McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988). The

allegations of the non-moving party are credited as true, while those allegations of the moving

party which have been denied are deemed false for purposes of the motion.  *Hal Roach Studios,*

896 F.2d at 1550; *e-Tool Dev., Inc. v. Maxim Integrated Prods., Inc.*, No. 17-cv-720-PK, 2018

WL 2209787, at *7 (D. Or. Jan. 11, 2018), *adopted*, 2018 WL 2208428 (D. Or. May 14, 2018).

## ARGUMENT

I.      **Defendants are entitled to judgment on the pleadings because plaintiffs' complaints
do not contain any allegations regarding defendants' personal involvement in any
constitutional violations.**

Individual-Capacity Defendants are entitled to judgment on the pleadings because the

complaints do not contain any allegations establishing Individual-Capacity Defendants' personal

liability.[1]  To state a claim under Section 1983, a plaintiff must allege facts, not simply

conclusions, that show that an individual was personally involved in the deprivation of his civil

rights.  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Liability must be based on

the personal involvement of the defendant.  *Id.*  There is no respondeat superior liability under

section 1983.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is

inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official

defendant, through the official's own individual actions, has violated the Constitution.")

(citations omitted).

Here, the Eyre plaintiffs' complaint does not contain any allegations regarding

Rosenblum's or Davie's conduct.  The OFF plaintiffs' complaint merely contains legal

conclusions alleging that Brown, Rosenblum, and Davie have generalized supervisory authority

---

[1] The Eleventh Amendment bars a federal court action for damages or other retroactive
relief against a state official acting in her official capacity.  *Pena v. Gardner*, 976 F.2d 469, 472
(9th Cir. 1992), *as amended* (Oct. 9, 1992).

over state officials.  Accordingly, the complaints fail to state a claim against these defendants in their individual capacity.

Further, the Individual-Capacity Plaintiffs cannot amend their complaints to cure these deficiencies because Measure 114 is still in the implementation phase and has not been enforced against any of them.  The Eyre plaintiffs allege that they would like to purchase large-capacity magazines "in the future."  (Eyre Compl. ¶¶ 24-25.)  Similarly, the OFF plaintiffs allege that they "would continually possess" large-capacity magazines in the absence of Measure 114. (OFF Compl. ¶¶ 14-15, 17-20.)  Neither group of plaintiffs alleges that Measure 114 has been enforced against them or that the defendants they sued were involved in any such enforcement. Indeed, Brown and Davie are no longer in office and thus will never enforce Measure 114 against anyone.  Accordingly, plaintiffs cannot state a claim for personal liability against the Individual-Capacity Defendants.  *Cf. Corales v. Bennett*, 567 F.3d 554, 565 (9th Cir. 2009) (holding that there was no Section 1983 claim based on "threats" of discipline where the discipline was "not *actually* administered") (emphasis in original).

## II.    Even if the Individual-Capacity Defendants had enforced Measure 114 against plaintiffs, the Individual-Capacity Defendants would be entitled to qualified immunity.

Regardless, the Individual-Capacity Defendants are entitled to qualified immunity.  In Section 1983 actions, qualified immunity protects government officials from personal liability "insofar as their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known."  *Sampson v. Cnty. of Los Angeles*, 974 F.3d 1012, 1018 (9th Cir. 2020) (quotation marks and citations omitted). When there is no binding precedent on point, a clearly established right is one embraced by a "consensus" of courts outside the relevant jurisdiction.  *Gordon v. Cnty. of Orange*, 6 F.4th 961, 969 (9th Cir. 2021).  State statutes are presumptively constitutional and thus an executive officer acting consistently with one has

qualified immunity unless the relevant statute was "patently violative of fundamental constitutional principles."  *Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994).

Plaintiffs have not identified any on-point authority establishing a "consensus" that Measure 114 is "patently violative" of fundamental constitutional principles.  Every circuit court to have addressed the issue—including the Ninth Circuit—has held that bans on large-capacity magazines are constitutional.[2]  The six post-*Bruen* courts to address the issue—including this Court—have all reached a similar conclusion.  *Oregon Firearms Fed'n, Inc. v. Brown*, No. 2:22-CV-01815-IM, 2022 WL 17454829, at *9 (D. Or. Dec. 6, 2022), *appeal dismissed,* No. 22-36011, 2022 WL 18956023 (9th Cir. Dec. 12, 2022); *Ocean State Tactical, LLC v. State of Rhode Island*, No. 22-CV-246 JJM-PAS, 2022 WL 17721175, at *14 (D.R.I. Dec. 14, 2022); *Hanson v. D.C.*, No. CV 22-2256 (RC), 2023 WL 3019777, at *17 (D.D.C. Apr. 20, 2023); *Delaware State Sportsmen's Ass'n, Inc. v. Delaware Dep't of Safety & Homeland Sec.*, No. CV 22-951-RGA, 2023 WL 2655150, at *14 (D. Del. Mar. 27, 2023); *Bevis v. City of Naperville, Illinois*, No. 22 C 4775, 2023 WL 2077392, at *14 (N.D. Ill. Feb. 17, 2023); *Herrera v. Raoul*, No. 23 CV 532, 2023 WL 3074799, at *6 (N.D. Ill. Apr. 25, 2023).

Further, *Bruen* itself confirmed that shall-issue permit regimes like Measure 114 are constitutional.  *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2138 n.9 (2022).  Plaintiffs have not identified, and defendants have not found, a case striking down a

---

[2] *See Duncan v. Bonta*, 19 F.4th 1087, 1096 (9th Cir. 2021), *cert. granted, judgment vacated*, 142 S. Ct. 2895 (2022), *and vacated and remanded*, 49 F.4th 1228 (9th Cir. 2022); *Worman v. Healey*, 922 F.3d 26,  41 (1st Cir. 2019), *abrogated by N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022); *Ass'n of N.J. Rifle & Pistol Clubs v. Attorney Gen. N.J.*, 910 F.3d 106 (3d Cir. 2018), *abrogated by N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022); *Kolbe v. Hogan*, 849 F.3d 114, 137 (4th Cir. 2017) (en banc), *abrogated by N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022); *N.Y. State Rifle & Pistol Ass'n v. Cuomo*, 804 F.3d 242 (2d Cir. 2015); *Friedman v. City of Highland Park, Illinois*, 784 F.3d 406, 409 (7th Cir. 2015); *Heller v. District of Columbia*, 670 F.3d 1244, 1263-64 (D.C. Cir. 2011).

similar permitting regime under either the Second or Fourteenth Amendments. *See Oregon Firearms Fed'n, Inc. v. Brown*, No. 2:22-CV-01815-IM, 2022 WL 17454829, at *15 (D. Or. Dec. 6, 2022), appeal dismissed, No. 22-36011, 2022 WL 18956023 (9th Cir. Dec. 12, 2022) ("Under this clear guidance from *Bruen*, this Court finds that Plaintiffs have not shown, at this stage, that Measure 114's permit-to-purchase provision violates the Second Amendment.").

Plaintiffs similarly have not identified any on-point authority "clearly establish[ing]" their remaining constitutional claims.  The only circuit court to have considered the issue rejected an identical vagueness challenge to an analogous state statute. *New York State Rifle & Pistol Ass'n, Inc. v. Cuomo*, 804 F.3d 242, 266 (2d Cir. 2015).  The en banc Ninth Circuit rejected facial and as-applied takings challenges to California's more stringent law governing large-capacity magazines. *Duncan v. Bonta*, 19 F.4th 1087, 1112 (9th Cir. 2021), *cert. granted, judgment vacated*, 142 S. Ct. 2895 (2022), *and vacated and remanded*, 49 F.4th 1228 (9th Cir. 2022) ("Nothing in the case law suggests that any time a state adds to its list of contraband—for example, by adding a drug to its schedule of controlled substances—it must pay all owners for the newly proscribed item.").  Thus, the Individual-Capacity Defendants are entitled to qualified immunity because the Individual-Capacity Plaintiffs have not shown that Measure 114 is "patently violative" of any "fundamental constitutional principles."

## CONCLUSION

This Court should grant this motion for partial judgment on the pleadings and dismiss any "individual capacity" claims against the Individual-Capacity Defendants.

DATED: April 27, 2023.

> ELLEN ROSENBLUM
> ATTORNEY GENERAL
> FOR THE STATE OF OREGON
>
>
> By:    *s/ Harry B. Wilson*
> _____
> Harry B. Wilson, OSB #077214
> HarryWilson@MarkowitzHerbold.com
> Hannah K. Hoffman, OSB #183641
> HannahHoffman@MarkowitzHerbold.com
>
> *Special Assistant Attorney General for Defendants*
>
> Brian Simmonds Marshall
> brian.s.marshall@doj.state.or.us
>
> *Of Attorney for Defendants*

1418588