**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Hannah K. Hoffman, OSB #183641**
HannahHoffman@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201-3412
(503) 295-3085

    Special Assistant Attorneys General for Defendants

**Ellen F. Rosenblum, OSB #753239**
Attorney General
**Brian Simmonds Marshall, OSB #196129**
Senior Assistant Attorney General
Brian.S.Marshall@doj.state.or.us
**DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
(971) 673-1880

    Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al.,<br><br>                            Plaintiffs,<br><br>    v.<br><br>TINA KOTEK, et al.,<br><br>                            Defendants,<br><br>    and | Case No. 2:22-cv-01815-IM (lead case)<br>             3:22-cv-01859-IM (trailing case)<br>             3:22-cv-01862-IM (trailing case)<br>             3:22-cv-01869-IM (trailing case)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

**Page 1 -   DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF**
              **INTERROGATORIES**

| | |
|---|---|
| OREGON ALLIANCE FOR GUN SAFETY, | |
| Intervenor-Defendant. | |
| MARK FITZ, et al., | |
| Plaintiffs, | |
| v. | |
| ELLEN F. ROSENBLUM, et al., | |
| Defendants. | |
| KATERINA B. EYRE, et al., | |
| Plaintiffs, | |
| v. | |
| ELLEN F. ROSENBLUM, et al., | |
| Defendants, | |
| and | |
| OREGON ALLIANCE FOR GUN SAFETY, | |
| Intervenor-Defendant. | |
| DANIEL AZZOPARDI, et al., | |
| Plaintiffs, | |
| v. | |
| ELLEN F. ROSENBLUM, et al., | |
| Defendants. | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendants object and respond to Plaintiffs' First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

Defendants make the following general objections to Plaintiffs' First Set of Interrogatories:

Page 2 -   DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF
            INTERROGATORIES

**INTERROGATORY NO. 11:** How long will it take the State of Oregon to set up the database(s) to track permits to purchase, as required by Measure 114?

**ANSWER:** Defendants incorporate their general objections as set out above. Defendants further object to the request to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.

Subject to and without waiving these objections, defendants answer as follows: OSP is prepared to implement a Microsoft Excel-based database immediately. This database needs no further work or preparation. OSP will assess possible enhancements to the current FICS or issue a request for proposals for a cloud-based database when Measure 114 goes into effect in the future. The expected timeframe for that database to go live will be between two and three years, from the time defendants issue the request for proposals or request enhancements to the current system to the time the database is ready for use by OSP.

**INTERROGATORY NO. 12:** How long will it take the State of Oregon to be able to issue a permit to purchase under Measure 114? Please describe the anticipated minimum, maximum, and average wait times.

**ANSWER:** Defendants incorporate their general objections as set out above. Defendants further object to the request to the extent it seeks information subject to attorney-client privilege or the work-product doctrine. Defendants further object to the request as vague and ambiguous, including as to "the State of Oregon." The State of Oregon is not a party to this lawsuit, nor is it a defined term in these interrogatories. Defendants further object that the "State of Oregon" is vague and ambiguous as to whether it refers to the state as a whole, or to the governments within Oregon, or just to the departments, boards, and agencies of the state. Defendants further object that this request calls for speculation. Defendants further object that this request seeks information outside defendants' custody, possession, or control, or that is equally available to plaintiffs. Defendants further object that this request is improperly directed at defendants, none of whom issue permits under Measure 114, rather than at permit agents, who are tasked with that responsibility. *See* Measure 114, § 4(3)(a) ("Within 30 days of receiving an application for a permit under this section, if the permit agent has verified the applicant's identity

Page 10 - DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Ex. I - Lindsay Decl. (Defs' Response to Rogs)
Page 3 of 6

and determined that the applicant has met each of the qualifications described in paragraph (1)(b) of this section, *the permit agent shall issue the permit to purchase.*") (emphasis added); *see also* § 4(1)(a) (defining "permit agent" as a police chief or county sheriff).

Subject to and without waiving these objections, defendants answer as follows: Defendants decline to answer this interrogatory because the information sought is equally available to plaintiffs and is held by third-party permit agents who are not parties to this lawsuit.

**INTERROGATORY NO. 13:** Please describe in detail Defendants' plan(s) to implement Measure 114's permitting scheme.

**ANSWER:** Defendants incorporate their general objections as set out above. Defendants further object to the request to the extent it seeks information subject to attorney-client privilege or the work-product doctrine. Defendants further object to the interrogatory to the extent it seeks a legal conclusion or analysis. Defendants further object that this request is improperly directed at defendants, who are not responsible for issuing permits. *See* Measure 114, § 4(3)(a) ("Within 30 days of receiving an application for a permit under this section, if the permit agent has verified the applicant's identity and determined that the applicant has met each of the qualifications described in paragraph (1)(b) of this section, *the permit agent shall issue the permit to purchase.*") (emphasis added); *see also* § 4(1)(a) (defining "permit agent" as a police chief or county sheriff). Defendants are only responsible for limited functions within the permit provisions of Measure 114, such as developing an application, Measure 114 §§ 4(1)(c), 4(4)(a), conducting a background check and reporting its results, *id* §§ 4(1)(e), 4(2)(a), and maintaining a searchable electronic database, *id.* § 4(5)(a).

Subject to and without waiving these objections, defendants answer as follows: OSP has already created a permit-to-purchase application. OSP is prepared to accept permit applications and perform background checks. Although the Federal Bureau of Investigation has informed OSP that it will not perform fingerprint-based criminal background checks for permit applicants based on their determination that Ballot Measure 114 does not meet the requirements of Pub. L. 92-544, OSP will still perform background checks using existing state and federal systems. If OSP's background checks using existing state and federal systems find no disqualifiers, OSP will

**Page 11 -** DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF
                INTERROGATORIES

Ex. I - Lindsay Decl. (Defs' Response to Rogs)
Page 4 of 6

==report back to the permit agent that no disqualifiers have been found.  OSP will also report that the FBI refused to perform a fingerprint-based criminal background check under Pub. L. 92-544.==  OSP is prepared to maintain a searchable Excel-based database of all permits.  In addition, pursuant to Federal Rule of Civil Procedure 33(d), defendants refer plaintiffs to the records produced pursuant to RFP Nos. 9, 11, 12, 21, 24, and 25, which are sufficient for plaintiffs to determine the answer to this interrogatory.

**INTERROGATORY NO. 14:**  Please describe in detail what the Oregon State Police is doing to work with a technology vendor to allow local law enforcement departments to transmit fingerprints electronically, as described in paragraph 4 of the February 6, 2023 Declaration of Commander Rebecca David.

**ANSWER:**  Defendants incorporate their general objections as set out above.  Defendants further object to the request to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.

Subject to and without waiving these objections, defendants answer as follows: OSP has secured a vendor to implement the changes needed to existing OSP systems for the transmission of fingerprint submissions from local law enforcement agencies.  The vendor is currently on stand-by, pending the outcome of this and the state litigation and any legislation passed in the legislature.  When OSP has sufficient information about the shape of the permit program and when enforcement will begin, OSP will inform the vendor to begin its work.  OSP estimates it will take 30 business days for the vendor to implement the changes and be fully up and running.  The system changes are not necessary to process applications:  OSP can receive fingerprints on fingerprint cards through the United States mail or by courier.

OSP is also preparing a grant application that could allow local law enforcement agencies to obtain electronic fingerprint transmission equipment.

**INTERROGATORY NO. 15:**  Was the transmission system (as described in paragraph 4 of the February 6, 2023 Declaration of Commander Rebecca David) that allows local law enforcement departments to transmit fingerprint electronically ready as of March 8, 2023?

Page 12 - DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF
              INTERROGATORIES

Ex. I - Lindsay Decl. (Defs' Response to Rogs)
Page 5 of 6

CV-02085-BLF HRL, 2016 WL 6311876, at *4 (N.D. Cal. Oct. 28, 2016) (courts decline "to require responses to those asking solely about questions of law"). Defendants further object to the interrogatory as compound, overbroad, unduly burdensome, and disproportionate to the needs of the case. Exhibit 2 is more than 250 pages long, identifies more than 300 laws, and does not include the texts of the statutes. The research and analysis necessary to respond to this request is unduly burdensome. Subject to and without waiving these objections, defendants answer as follows: Defendants will not respond to this request.

DATED: April 14, 2023.

        ELLEN ROSENBLUM
        ATTORNEY GENERAL
        FOR THE STATE OF OREGON

By: *s/Harry B. Wilson*
     Harry B. Wilson, OSB #077214
     HarryWilson@MarkowitzHerbold.com
     Hannah K. Hoffman, OSB #183641
     HannahHoffman@MarkowitzHerbold.com
       *Special Assistant Attorney General for Defendants*

     Brian Simmonds Marshall
     brian.s.marshall@doj.state.or.us
       *Attorney for Defendants*

OREGBR\1421264

**Page 21 -** DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Ex. I - Lindsay Decl. (Defs' Response to Rogs)
Page 6 of 6