**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Hannah K. Hoffman, OSB #183641**
HannahHoffman@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201-3412
(503) 295-3085

      Special Assistant Attorneys General for Defendants

**Ellen F. Rosenblum, OSB #753239**
Attorney General
**Brian Simmonds Marshall, OSB #196129**
Senior Assistant Attorney General
Brian.S.Marshall@doj.state.or.us
**DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
(971) 673-1880

      Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al.,<br><br>                    Plaintiffs,<br><br>      v.<br><br>TINA KOTEK, et al.,<br><br>                    Defendants,<br><br>           and | Case No. 2:22-cv-01815-IM (lead case)<br>            3:22-cv-01859-IM (trailing case)<br>            3:22-cv-01862-IM (trailing case)<br>            3:22-cv-01869-IM (trailing case)<br><br>**DEFENDANTS' MOTION IN LIMINE** |

**Page 1 -   DEFENDANTS' MOTION IN LIMINE**

OREGON ALLIANCE FOR GUN SAFETY,

Intervenor-Defendant.

MARK FITZ, et al.,

Plaintiffs,

v.

ELLEN F. ROSENBLUM, et al.,

Defendants.

KATERINA B. EYRE, et al.,

Plaintiffs,

v.

ELLEN F. ROSENBLUM, et al.,

Defendants,

and

OREGON ALLIANCE FOR GUN SAFETY,

Intervenor-Defendant.

DANIEL AZZOPARDI, et al.,

Plaintiffs,

v.

ELLEN F. ROSENBLUM, et al.,

Defendants.

## LOCAL RULE 7-1 CERTIFICATION

Pursuant to L.R. 7-1(a), counsel for defendants certify that they made a good faith effort to resolve this dispute with plaintiffs' counsel through video conference communications but were unable to do so.  Defendants request oral argument pursuant to L.R. 7-1(d) on this motion during the pretrial conference.

**Page 2 -   DEFENDANTS' MOTION IN LIMINE**

## MOTION

Defendants ask that the Court issue an Order, *in limine*, excluding the "2021 National Firearms Survey: Updated Analysis Including Types of Firearms Owned" and all testimony relying on the Survey.

## ARGUMENT

The plaintiffs should be precluded from introducing, and their experts should be precluded from testifying in reliance on, the "2021 National Firearms Survey: Updated Analysis Including Types of Firearms Owned."  (Decl. of Mark Hanish ("Hanish Decl.") (ECF 80) at 149-194.)  Dr. William English, who is not an expert in this case, reported the results of a survey regarding respondents' ownership and use of firearms.  The online survey does not identify the methodology used to identify and select respondents.  (Decl. of Harry B. Wilson, Ex. 7 ("Wilson Decl.") (Dep. of Gary Kleck at Tr. 76:5-77:3).)  Dr. English posted this document online, but it is not otherwise published.  Dr. English did not conduct the survey himself but hired a vendor to perform the work.  (Hanish Decl. at 149 (noting that the survey was "conducted . . . by the professional survey firm Centiment").)

I.     **The English survey is inadmissible under Federal Rule of Evidence 702.**

    A.     **Self-selected online surveys are not reliable and should be excluded under Evidence Rule 702.**

In general, survey evidence is admissible only if it meets the standards for reliability under Evidence Rule 702.  The proponent of the survey bears the burden of demonstrating by clear and convincing evidence that a survey was "conducted according to accepted principles." *Jimenez v. Allstate Ins. Co.*, No. LACV1008486JAKFEMX, 2019 WL 13088814, at *15 (C.D. Cal. May 13, 2019).  Although issues with survey methodology (*e.g.,* leading questions) generally go to credibility of the survey, not admissibility, a survey should be excluded if it "suffer[s] from serious methodological flaws."  (*Id.*)

One such serious flaw identified by the case law is the self-selected survey where participants are not selected at random but instead are "invited to express their views on a topic and they participate simply by volunteering."  Fed. Judicial Center, Reference Manual on Sci. Evid. 359 (3d ed.)  As the Federal Judicial Center's Reference Manual on Scientific Evidence explains:

> [T]he self-selected Web survey provides no information on who actually participates or how representative the participants are. Thus, it is impossible to evaluate nonresponse error or even participation rates. Moreover, participants are very likely to self-select on the basis of the nature of the topic. These self-selected pseudosurveys resemble reader polls published in magazines and do not meet standard criteria for legitimate surveys.

*Id.*  District courts in this circuit routinely exclude self-selected surveys and surveys that fail to account for self-selection bias in non-responses.  *Jimenez*, 2019 WL 13088814, at *18 (C.D. Cal. May 13, 2019) (excluding survey that was not based on "random sample" but those "who affirmatively chose to participate"); *In re: Autozone, Inc.*, No. 3:10-MD-02159-CRB, 2016 WL 4208200, at *18 (N.D. Cal. Aug. 10, 2016) (excluding survey that did not account for "self-selection" bias in non-responses); *Sec. Alarm Fin. Enterprises, L.P. v. Alder Holdings, LLC*, No. 3:13-CV-00102-SLG, 2017 WL 5248181, at *7 (D. Alaska Feb. 21, 2017) (excluding survey that failed to adequately explain "target universe" and "nonresponse" bias); *Wallace v. Countrywide Home Loans Inc.*, No. SACV 08-1463-JST, 2012 WL 11896333, at *4 (C.D. Cal. Aug. 31, 2012) (excluding survey that failed to account for "self-interest bias" and "nonresponse" bias in respondents).  District courts in other circuits similarly reject self-selected online surveys.  *See, e.g.*, *Merisant Co. v. McNeil Nutritionals*, LLC, 242 F.R.D. 315, 331 (E.D. Pa. 2007).

B.    **Plaintiffs' *own* survey expert testified that the English survey is a "self-selected" survey that this Court cannot "rely on."**

Here, plaintiffs' and defendants' survey experts agree: the English survey is a self-selected online survey, does not use accepted principles, and should not be relied upon by this Court.  Plaintiffs retained Dr. Gary D. Kleck, a social scientist who uses surveys in his academic

work.  (Decl. of Gary Kleck (ECF 76) ("Kleck Decl.") at 27-59.)  He testified that the survey's lack of disclosure of the sampling methodology makes it impossible to reliably generalize the survey's results to the whole of the U.S. population, as Dr. English purports to do.  (Wilson Decl., Ex. 7 (Depo. of Gary Kleck at Tr. 76:5-77:3).)  As Dr. Kleck explained, English does not identify "how he developed his sample," but it appears that this was a "self-selected sample" of people "invited to participate."  (*Id.*)  Dr. Kleck explains "that's not a valid sample technique to generate a sample that's representative of the larger US population" and "I don't think you can rely on" the English Survey.  (*Id.*)  Dr. David McDowall, a Professor of Criminology retained by defendants, shares that view.[1]  (Wilson Decl., Ex. 9 (Depo. of David McDowall at Tr. 27:22–25, 28:15–29:13, 30:13–31:18).)  Dr. McDowall explained that the English survey apparently used a voluntary internet sample of respondents, and not the type of probability-based method that would allow inferences to the U.S. population.  (*Id.*)  This is reason alone to exclude the survey. (Wilson Decl., Ex. 7 (Depo. of Gary Kleck at Tr. 77:8-11) ("Q. [Y]ou would not rely on that survey for any purpose? A. That is correct. I would not rely.").

Separately, no knowledgeable witness is available to testify at trial about Dr. English's survey methods.  The necessary foundation for admissibility of a survey will normally be laid through the testimony of the persons responsible for conducting the survey.  *Toys R Us, Inc. v. Canarsie Kiddie Shop, Inc.*, 559 F. Supp. 1189, 1205 (E.D. N.Y. 1983).  Reliance on third-party testimony about a different expert's survey is problematic because that witness cannot testify about the survey's methodology and potential flaws.  As one district court explained, witnesses "not sufficiently familiar with the methodology used to design and administer the survey" cannot "opine that it was conducted according to accepted principles and reliable."  *In re ConAgra*

---

[1] McDowall Tr. 27:22–25, 28:15–29:13, 30:13–31:18.

*Foods, Inc.*, 90 F. Supp. 3d 919, 951–52 (C.D. Cal. 2015), *aff'd sub nom. Briseno v. ConAgra Foods, Inc.*, 674 F. App'x 654 (9th Cir. 2017), *and aff'd*, 844 F.3d 1121 (9th Cir. 2017) (quotation marks and citation omitted).  Here, no one knows what method Dr. English used to solicit responses to the survey and thus no plaintiff witness can testify about the survey's methodology.[2]  (*See* Wilson Decl., Ex. 5 (Depo. of Mark Hanish at Tr. 57:21-58:13) (testifying that he knew nothing about the survey outside the report itself).)

## II.    The English survey is inadmissible under Federal Rule of Evidence 703.

Nor is the survey an appropriate basis for an expert opinion under Federal Rule of Evidence 703.  Under Evidence rule 703, an expert can rely on "facts or data in the case" that are not themselves admissible when forming an admissible opinion if "experts in the particular field would reasonably rely on those kinds of facts or data."  But plaintiffs' survey expert testified that the English survey should not be relied on.  A different plaintiff expert, Mr. Hanish, also relies on the survey, but he is not qualified to opine on the reliability of the survey.  Mr. Hanish admits he has no background in surveys.  (Wilson Decl., Ex. 5 (Depo. of Mark Hanish at Tr. 59:19–20 ("Q. Are you an expert in survey methodology? A. No.").)  He did not even learn of the survey as part of his work in the firearm industry.  (*Id.*, Ex. 5 (Depo. of Mark Hanish at Tr. 55:15–22, 56:23–25.)  NSSF pointed him to it as part of his work in this case.  (*Id.*)  Accordingly, Mr. Hanish cannot rely on the English survey when forming his opinions.

Regardless, at absolute most, Mr. Hanish can rely on the English survey to explain his own opinions.  Plaintiffs cannot offer the English survey for the truth of the matter asserted.  As the Ninth Circuit has explained, "Rule 703 merely permits such hearsay, or other inadmissible evidence, upon which an expert properly relies, to be admitted to explain *the basis of the expert's*

---

[2] For this same reason, no witness is available to authenticate the survey's process as "produc[ing] an accurate result" under Rule 901(b)(9).

*opinion*," but "not as substantive evidence." *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-62 (9th Cir. 1984) (emphasis added). Any contrary rule would permit an expert to offer into evidence the hearsay opinions of a different expert. At bottom, the English survey is unreliable evidence and this Court should not rely on any of its conclusions.

## III.    The English survey is inadmissible hearsay under Federal Rule of Evidence 802

Dr. English's study is also hearsay prohibited by Rule 802. As noted above, Dr. English is not a disclosed expert in this case and will not testify. Accordingly, his out-of-court statements summarizing the study, its methods, and its conclusions are inadmissible hearsay. Fed. R. Evid. 802. And because English did not conduct the study himself, but rather used a third party, the actual survey responses are buried in three layers of hearsay.

Furthermore, while studies can satisfy the residual hearsay exception, Fed. R. Evid. 807, "substantial deficiencies in the design or execution of a survey of individuals is grounds for its complete exclusion." *Gibson v. Cnty. of Riverside*, 181 F. Supp. 2d 1057, 1067 (C.D. Cal. 2002). Here, the English's survey's methodological defects mean that it cannot satisfy Rule 807 and must be excluded.

### CONCLUSION

For the foregoing reasons, the Court should issue an Order, *in limine*, excluding the "2021 National Firearms Survey: Updated Analysis Including Types of Firearms Owned," as well as all testimony relying on it.

DATED: May 25, 2023.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

By:    *s/ Hannah K. Hoffman*

Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Hannah K. Hoffman, OSB #183641

HannahHoffman@MarkowitzHerbold.com
*Special Assistant Attorneys General for*
*Defendants*

Brian Simmonds Marshall, OSB #196129
brian.s.marshall@doj.state.or.us
*Of Attorney for Defendants*

1450124