**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Hannah K. Hoffman, OSB #183641**
HannahHoffman@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201-3412
(503) 295-3085

    Special Assistant Attorneys General for Defendants

**Ellen F. Rosenblum, OSB #753239**
Attorney General
**Brian Simmonds Marshall, OSB #196129**
Senior Assistant Attorney General
Brian.S.Marshall@doj.state.or.us
**DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
(971) 673-1880

    Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TINA KOTEK, et al.,<br><br>Defendants,<br><br>and | Case No. 2:22-cv-01815-IM (lead case)<br>        3:22-cv-01859-IM (trailing case)<br>        3:22-cv-01862-IM (trailing case)<br>        3:22-cv-01869-IM (trailing case)<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *OFF* PLAINTIFFS' THIRD AMENDED COMPLAINT** |

**Page 1 -**  **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *OFF* PLAINTIFFS' THIRD AMENDED COMPLAINT**

| | |
|---|---|
| OREGON ALLIANCE FOR GUN SAFETY,<br><br>                                 Intervenor-Defendant. | |
| MARK FITZ, et al.,<br><br>                                 Plaintiffs,<br><br>             v.<br><br>ELLEN F. ROSENBLUM, et al.,<br><br>                                 Defendants. | |
| KATERINA B. EYRE, et al.,<br><br>                                 Plaintiffs,<br><br>             v.<br><br>ELLEN F. ROSENBLUM, et al.,<br><br>                                 Defendants,<br><br>             and<br><br>OREGON ALLIANCE FOR GUN SAFETY,<br><br>                                 Intervenor-Defendant. | |
| DANIEL AZZOPARDI, et al.,<br><br>                                 Plaintiffs,<br><br>             v.<br><br>ELLEN F. ROSENBLUM, et al.,<br><br>                                 Defendants. | |

Except as specifically admitted below, defendants Tina Kotek, Ellen Rosenblum, and Casey Codding, in their official and individual capacities (collectively "defendants"), deny each and every allegation of plaintiffs' Third Amended Complaint. Defendants further answer as follows:

Page 2 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *OFF* PLAINTIFFS' THIRD AMENDED COMPLAINT

## ANSWER

1. Defendants deny paragraphs 1-2.

2. Defendants lack knowledge or information sufficient to form a belief about the truth of paragraph 3 and therefore deny it.

3. In response to paragraph 4, defendants admit that Measure 114 requires some individuals to have a permit to purchase a firearm. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence and therefore deny it. Defendants deny the remainder of paragraph 4.

4. In response to paragraph 5, defendants lack knowledge or information sufficient to form a belief about the truth of the second sentence and therefore deny it. Defendants deny the remainder of paragraph 5.

5. In response to paragraph 6, defendants admit that prior to Measure 114, Oregon law had a loophole that allowed some transferees of firearms to obtain a firearm before a background check was completed. Defendants deny the remainder of paragraph 6.

6. In response to paragraph 7, defendants admit the first sentence. Defendants deny the remainder of paragraph 7.

7. Defendants deny paragraphs 8-9.

8. In response to paragraph 10, defendants admit that a copy of Measure 114 is filed at ECF #68-1, pages 1-12 (labeled Exhibit A).

## PARTIES

9. In response to paragraphs 11-21, defendants admit that Brad Lohrey is Sheriff of Sherman County, Cody Bowen is Sheriff of Union County, Brian Pixley is Sheriff Columbia County, and Terry Rowan is Sheriff of Umatilla County. Defendants lack knowledge or

information sufficient to form a belief about the truth of the remaining allegations in paragraphs 11-21 and therefore deny them.

10. In response to paragraph 22, defendants admit that Tina Kotek is the governor of Oregon and that Kate Brown was governor of Oregon at the time the lawsuit was filed. Defendants admit that the Oregon Constitution sets forth powers and duties of the governor. The Oregon Constitution speaks for itself. Defendants deny the remainder of paragraph 22.

11. In response to paragraph 23, defendants deny the last two sentences. Defendants admit the remainder of paragraph 23.

12. In response to paragraph 24, defendants admit that Terrie Davie was superintendent of the Oregon State Police at the time the lawsuit was filed but deny she is presently superintendent. Casey Codding is substituted as defendant pursuant to Fed. R. Civ P. 25(d). Defendants admit that, as described in ORS 181A.030, the Superintendent of the Oregon State Police is the executive and administrative head of the Oregon State Police. Defendants admit that, as described in ORS 181A.080, the Oregon State Police are charged with the enforcement of all criminal laws and are empowered to institute criminal proceedings. Defendants deny the remainder of paragraph 24.

## ALLEGATIONS

13. Defendants deny the heading, "Magazine size is a critical component of self defense."

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 25-45 and therefore deny them.

15. Defendants deny paragraph 46.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 and therefore deny them.

**Page 4 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *OFF* PLAINTIFFS' THIRD AMENDED COMPLAINT**

17. Defendants deny paragraph 48.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 49-51.

19. Defendants deny paragraphs 52-53.

20. Defendants deny the heading, "Measure 114 will do nothing to deter criminal activity or prevent mass shootings."

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 54-60 and therefore deny them.

22. In response to paragraph 61, defendants deny the first sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 61 and therefore deny them.

23. Defendants deny the heading, "Multiple 10-round magazines are no substitute for conventional magazines."

24. Defendants deny the first sentence of paragraph 62. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 62 and therefore deny them.

25. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 63-68 and therefore deny them.

26. Defendants deny the heading, "Measure 114 effectively bans almost all magazines and shotguns."

27. In response to paragraph 69, defendants deny the first sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 69 and therefore deny them.

**Page 5 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *OFF* PLAINTIFFS' THIRD AMENDED COMPLAINT**

28. In response to paragraph 70, defendants deny the first three sentences and the last sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 70 and therefore deny them.

29. In response to paragraph 71, defendants deny the last sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 71 and therefore deny them.

30. Defendants deny the heading, "Sheriffs will be less able to protect themselves under Measure 114."

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 72-73.

32. In response to paragraph 74, defendants deny the fourth sentence and the last sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 74.

33. In response to paragraph 75, defendants deny the last sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 75.

34. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76.

35. In response to paragraph 77, defendants deny the last sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 77.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78.

37. In response to paragraph 79, defendants deny the last sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 79.

38. In response to paragraph 80, defendants deny the last sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 80.

39. Defendants deny the heading, "The permit system functions as a complete ban on new firearm owners."

40. Defendants deny paragraph 81.

41. Defendants deny the heading "The required permit system cannot be implemented in the foreseeable future."

42. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 82-85.

43. Defendants deny the heading, "Repeating firearms were well known at the Founding."

44. In response to paragraphs 86-107, defendants deny that repeating firearms were common at the time of the ratification of the Second Amendment. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraphs 86-107 and therefore deny them.

45. In response to paragraph 108, defendants admit that Exhibit B to plaintiffs' Second Amended Complaint (ECF 68) appears to be a list of firearms. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 108 and therefore deny them.

46. In response to paragraph 109, defendants admit that Measure 114's definition of "large-capacity magazine" does not include some forms of magazines and reloading mechanisms; Measure 114 speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the specifically named firearms and therefore deny them. Defendants deny the remainder of paragraph 109.

47. Defendants deny the heading, "Magazines are an integral part of a firearm."

48. In response to paragraphs 110-113, defendants admit that magazines are used with some firearms. Defendants deny that large-capacity magazines are necessary to allow a firearm to function. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraphs 110-113 and therefore deny them.

49. Defendants deny the heading, "An injunction is necessary."

50. Defendants deny paragraph 114.

51. In response to paragraph 115, defendants admit the quotations reflect portions of text from federal caselaw. Defendants deny the remainder of paragraph 115.

## JURISDICTION

52. Defendants deny paragraphs 116-117.

## CLAIMS FOR RELIEF

## COUNT ONE

### (Second Amendment – Permit to Purchase)

53. Defendants admit and deny paragraph 118 as set out above.

54. In response to paragraph 119, defendants admit that the quotation reflects a portion of text from *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S. Ct. 2111, 2125 (2022); that decision speaks for itself.

55. Defendants deny paragraphs 120-122.

56. In response to paragraph 123, defendants admit that quotation attributed to *Bruen* reflects a portion of text from that case; *Bruen* speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 123 and therefore deny them.

57. In response to paragraph 124, defendants admit that background-check regimes are consistent with the Second Amendment. Defendants admit that the quotation reflects a portion of text from *Bruen*, 142 S. Ct. at 2138 n.9; that decision speaks for itself. Defendants deny the remainder of paragraph 124.

58. Defendants deny paragraphs 125-126.

59. In response to paragraph 127, defendants admit that the quotations reflect portions of text from Measure 114 and a previous version of ORS 166.412; those laws speak for themselves. Defendants admit that Measure 114 closes a loophole that allowed some transferees of firearms to obtain a firearm without completing a background check. Defendants deny the remainder of paragraph 127.

60. In response to paragraph 128, defendants admit that background checks do not prevent most law-abiding citizens from obtaining firearms. Defendants deny the remainder of paragraph 128.

61. Defendants deny paragraphs 129-130.

62. In response to paragraph 131, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that no in-person demonstration instructors have been certified. Defendants deny the remainder of paragraph 131.

63. In response to paragraph 132, defendants admit that there is nothing novel about the concern that firearms might fall into the wrong hands and background-check regimes have been used to address that concern for decades. Defendants deny the remainder of paragraph 132.

64. Defendants deny paragraph 133.

## COUNT TWO

### (Due Process – Permit-to-Purchase)

65. Defendants admit and deny paragraph 134 as set out above.

66. In response to paragraph 135, defendants admit that the Due Process Clause restricts some government action, as set forth in the Clause and in the judicial decisions interpreting that Clause; the Due Process Clause and those judicial decisions speak for themselves. Defendants deny the remainder of paragraph 135.

67. In response to paragraph 136, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that no live-fire training courses are approved and therefore deny it. Defendants deny the remainder of paragraph 136.

## COUNT THREE

### (Second Amendment – Large-Capacity Magazine Ban)

68. Defendants admit and deny paragraph 137 as set out above.

69. In response to paragraph 138, defendants admit that the quotation reflects a portion of text from *Bruen*, 142 S. Ct. at 2125; that decision speaks for itself.

70. Defendants deny paragraph 139.

71. In response to paragraph 140, defendants admit that the quotation attributed to the Ninth Circuit reflects a portion of text from the cited decision. Defendants deny the remainder of paragraph 140.

72.     In response to paragraph 141, defendants admit that the quotations reflect portions of text from the Second Amendment and the United States Supreme Court decisions in *Bruen* and *Heller*; the Second Amendment, *Bruen*, and *Heller* speak for themselves.  Defendants deny the remainder of paragraph 141.

73.     In response to paragraph 142, defendants admit that not all arms are constitutionally protected.  Defendants admit that the quotations, aside from "speech," reflect portions of text from the United States Supreme Court decisions in *Bruen* and *Heller*; *Bruen* and *Heller* speak for themselves.  Defendants deny the remainder of paragraph 142.

74.     In response to paragraph 143, defendants deny the first sentence.  Defendants admit that the quotations reflect portions of text from a Ninth Circuit decision; that decision speaks for itself.  Defendants lack knowledge or information sufficient to form a belief about the remaining allegations and therefore deny them.

75.     Defendants deny paragraphs 144-146.

76.     In response to paragraph 147, defendants admit that other states restrict large-capacity magazines.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the federal government, Congress, and the United States Department of Justice and therefore deny them.  Defendants deny the remainder of paragraph 147.

77.     In response to paragraph 148, defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the sale of surplus carbines and therefore deny them.  Defendants admit that the quotations attributed to *Bruen* reflect portions of text from that decision; *Bruen* speaks for itself.  Defendants deny the remainder of paragraph 148.

**Page 11 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *OFF* PLAINTIFFS' THIRD AMENDED COMPLAINT**

78. Defendants deny paragraph 149.

## COUNT FOUR

### (Takings Clause – Large-Capacity Magazine Ban)

79. Defendants admit and deny paragraph 150 as set out above.

80. In response to paragraphs 151-153, defendants admit that the quotations reflect portions of text from the United States Constitution and United State Supreme Court decisions; the Constitution and United States Supreme Court decisions speak for themselves. Defendants deny the remainder of paragraphs 151-153.

81. Defendants deny paragraph 154.

82. In response to paragraph 155, defendants admit that the quotations reflect portions of text from Measure 114. Defendants admit that Measure 114's restrictions on large-capacity magazines do not apply to licensed gun dealers during the first 180 days following the effective date of the Measure under certain conditions identified in the Measure; the Measure speaks for itself. Defendants deny the remainder of paragraph 155.

83. Defendants deny paragraph 156.

84. In response to paragraph 157, defendants admit that the quotation reflects portions of text from a United State Supreme Court decision. Defendants deny the remainder of paragraph 157.

85. Defendants deny paragraphs 158-159.

## COUNT FIVE

### (Due Process – Large-Capacity Magazine Ban)

86. Defendants admit and deny paragraph 160 as set out above.

Page 12 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *OFF*
            PLAINTIFFS' THIRD AMENDED COMPLAINT

87. In response to paragraphs 161-162, defendants admit that the quotations reflect portions of text from a United State Supreme Court decision; the United States Supreme Court decision speaks for itself. Defendants deny the remainder of paragraphs 161-162.

88. Defendants deny paragraphs 163-164.

## COUNT SIX

### (Vagueness – Large-Capacity Magazine Ban)

89. Defendants admit and deny paragraph 165 as set out above.

90. In response to paragraph 166, defendants admit that the quotations reflect portions of text from Measure 114. Defendants deny the remainder of paragraph 166.

91. Defendants deny paragraph 167.

92. In response to paragraph 168, defendants admit that the quotations reflect portions of text from *Forbes v. Napolitano,* 236 F.3d 1009, 1011 (9th Cir. 2000). Defendants deny the remainder of paragraph 168.

93. In response to paragraph 169, defendants admit that the quotations reflect portions of text from *Peoples Rights Org., Inc. v. City of Columbus,* 152 F.3d 522, 537 (6th Cir. 1998). Defendants deny the remainder of paragraph 169.

94. Defendants deny paragraphs 170-172.

## PRAYER FOR RELIEF

95. In response to the Prayer for Relief, defendants deny that plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

96. Plaintiffs fail to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

97.     Plaintiffs' claims are barred, in whole or in part, because they lack standing to bring their claims on behalf of themselves, their members, or, with respect to Oregon Firearms Federation, Oregon gun owners writ large.

## THIRD AFFIRMATIVE DEFENSE

### (Ripeness)

98.     Plaintiffs' claims are barred to the extent they constitute an as-applied challenge to Measure 114 because claims brought under this theory are not justiciable under the doctrine of ripeness.

## FOURTH AFFIRMATIVE DEFENSE

### (Mootness)

99.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of mootness to the extent that a state court has provided the relief plaintiffs seek.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary Parties)

100.     Plaintiffs' claims are barred, in whole or in part, for failure to join the necessary parties under Fed. R. Civ. P. 19 because the Third Amended Complaint fails to join permitting agents, without whom "the court cannot accord complete relief among existing parties."

## SIXTH AFFIRMATIVE DEFENSE

### (Eleventh Amendment/Sovereign Immunity)

101.     Plaintiffs' claims are barred, in whole or in part, by the Eleventh Amendment of the U.S. Constitution and the doctrine of sovereign immunity, to the extent they intend to seek damages (compensatory, nominal, or otherwise) against any defendant acting in their official capacity.  *See* ECF 114, Case No. 2:22-cv-01815-IM.

**Page 14 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *OFF* PLAINTIFFS' THIRD AMENDED COMPLAINT**

## SEVENTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

102. Plaintiffs' claims are barred, in whole or in part, by the doctrine of qualified immunity, to the extent they intend to seek relief, including damages (compensatory, nominal, or otherwise), against any defendant acting in their individual capacity. *See* ECF 114, Case No. 2:22-cv-01815-IM.

## EIGHTH AFFIRMATIVE DEFENSE

### (Res Judicata)

103. Plaintiffs' claims against any defendant in his or her individual capacity are barred by the doctrine of res judicata.

## NINTH AFFIRMATIVE DEFENSE

### (Law of the Case)

104. Plaintiffs' claims against any defendant in his or her individual capacity are barred by the law of the case.

DATED: May 22, 2023.

> ELLEN ROSENBLUM
> ATTORNEY GENERAL
> FOR THE STATE OF OREGON
>
> By:   s/*Hannah K. Hoffman*
> Harry B. Wilson, OSB #077214
> HarryWilson@MarkowitzHerbold.com
> Hannah K. Hoffman, OSB #183641
> HannahHoffman@MarkowitzHerbold.com
>   *Special Assistant Attorneys General for Defendants*
>
> Brian Simmonds Marshall
> brian.s.marshall@doj.state.or.us
>   *Of Attorney for Defendants*

1447525

Page 15 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO *OFF* PLAINTIFFS' THIRD AMENDED COMPLAINT