**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Hannah K. Hoffman, OSB #183641**
HannahHoffman@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201-3412
(503) 295-3085

    Special Assistant Attorneys General for Defendants

**Ellen F. Rosenblum, OSB #753239**
Attorney General
**Brian Simmonds Marshall, OSB #196129**
Senior Assistant Attorney General
Brian.S.Marshall@doj.state.or.us
**DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
(971) 673-1880

    Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TINA KOTEK, et al.,<br><br>    Defendants,<br><br>and | Case No. 2:22-cv-01815-IM (lead case)<br>    3:22-cv-01859-IM (trailing case)<br>    3:22-cv-01862-IM (trailing case)<br>    3:22-cv-01869-IM (trailing case)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| OREGON ALLIANCE FOR GUN SAFETY, | |
| Intervenor-Defendant. | |
| MARK FITZ, et al., | |
| Plaintiffs, | |
| v. | |
| ELLEN F. ROSENBLUM, et al., | |
| Defendants. | |
| KATERINA B. EYRE, et al., | |
| Plaintiffs, | |
| v. | |
| ELLEN F. ROSENBLUM, et al., | |
| Defendants, | |
| DANIEL AZZOPARDI, et al., | |
| Plaintiffs, | |
| v. | |
| ELLEN F. ROSENBLUM, et al., | |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

**Introduction** ............................................................................................................................. 1

**Summary of Plaintiffs' Challenges to Permits** ................................................................. 1

**Argument** ................................................................................................................................ 4

**I.    The Court should grant defendants summary judgment against plaintiffs' facial challenge to the implementation of Measure 114.** ................................................ 4

**II.   Plaintiffs' as-applied challenge is unripe.** ....................................................... 6

**Conclusion** ............................................................................................................................. 9

## INTRODUCTION

For the reasons discussed below and in defendants' Motion for Summary Judgment and Motion to Dismiss Plaintiffs' Facial and As-Applied Challenges to Implementation of Measure 114 (ECF 163) the Court should: (1) grant defendants' summary judgment on plaintiffs' facial challenge to the implementation of Measure 114's permit-to-purchase program; and (2) dismiss as unripe plaintiffs' as-applied challenge to the implementation of that permit program.

To sustain a facial challenge to the implementation of Measure 114, plaintiffs must set forth specific facts showing that defendants will fail to constitutionally implement Measure 114's permit program in *every* circumstance. Plaintiffs have failed to make that showing. Accordingly, the Court should grant summary judgment against plaintiffs' facial challenge to the implementation of Measure 114.

As to their as-applied challenge, a claim is unripe if it is based on contingent future events that may not occur as anticipated, or indeed may not occur at all. Plaintiffs' as-applied challenge to the implementation of Measure 114 hinges on how unnamed permit agents may or may not apply the law, and how state trial courts may or may not rule on subsequent timely appeals filed pursuant to the law's judicial review provisions. In other words, their as-applied challenge rests on contingent future events that plaintiffs cannot show will occur. Accordingly, the Court should dismiss plaintiffs' challenges to the implementation of Measure 114 as unripe.

## SUMMARY OF PLAINTIFFS' CHALLENGES TO PERMITS

Plaintiffs raise three challenges to Measure 114's permit provisions. Defendants have moved for summary judgment and to dismiss two of them.

**Page 1 -    DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

First, plaintiffs allege that the permit provisions, as set forth in the Measure itself, are facially unconstitutional under the Second Amendment.[1] Defendants' motion does not concern this challenge. At trial, defendants will demonstrate that Measure 114's permit provisions are facially constitutional.

Second, plaintiffs allege that defendants cannot implement Measure 114 in a manner that is consistent with the Second and Fourteenth Amendments.[2] Defendants moved for summary judgment on this facial challenge to the implementation of Measure 114's permit provisions. (Defs.' Mot. for Summ. J. against Pls.' Facial and As-Applied Challenges to Implementation of Measure 114 ("Defs.' Mot. for Summ. J.") (ECF 163) § III.A.)

Third, plaintiffs allege that, as applied, Measure 114' permit provisions function as an outright ban on the purchase of firearms in Oregon because there is no "permitting system in place."[3] (*Azzopardi* Am. Compl. ¶ 46.) Defendants moved for dismissal against this as-applied. (Defs.' Mot. for Summ. J, at 12-19, § III.B.)

---

[1] Plaintiffs raise this challenge in the first counts of the *Eyre* and *Oregon Firearms* complaints and the second count of the *Azzopardi* complaint. (*Eyre* Am. Compl. (ECF 67) ¶ 85 ("On its face, Oregon's new permit-to-purchase law restricts a person's ability 'to purchase or acquire a firearm.'" (citing provisions of Measure 114)); *OFF* 3d. Am. Compl. (ECF 158) ¶ 120 (same); *Azzopardi* Am. Compl. (ECF 112) ¶¶ 50-54.))

[2] Plaintiffs raise this challenge in the first and second counts of the *Eyre* and *Oregon Firearms* complaints. (Pls.' Opp'n to Defs.' Mot. for Summ. J. and Defs.' Mot. to Dismiss ("Pls.' Opp'n") (ECF 187) at 7 ("Measure 114 cannot be implemented in a manner that is *consistent with the Constitution*" (emphasis in original); *see also Eyre* Am. Compl. ¶ 93 ("most individuals will have to wait more than 10 days to acquire a firearm from a licensed dealer, on the off chance that they are among the tiny fraction of individuals unable to lawfully acquire a firearm"); *OFF* 3d. Am. Compl. ¶ 128 (same); *Eyre* Am. Compl. ¶ 96 ("the state is rushing to implement Measure 114 before it has set up the systems by which it can be administered"); *OFF* 3d. Am. Compl. ¶ 131 (same); *Eyre* Am. Compl. ¶ 101 ("Oregon will soon require Oregonians looking to purchase a firearm to comply with a regime that does not exist and cannot be satisfied"); *OFF* 3d. Am. Compl. ¶ 136 (same).)

[3] Plaintiffs raise this challenge in the first count of the *Azzopardi* complaint. (*Id.* ¶¶ 44-49.)

**Page 2 -   DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The *Eyre* and *OFF* plaintiffs fail to cleanly distinguish between their first and second challenges in their complaints and their response to defendants' Motion for Summary Judgment. Practically, however, there is an important distinction. Plaintiffs' contention that Measure 114 is inherently unconstitutional because, for example, it provides permit agents too much discretion to deny permits is qualitatively different than their contention that, as a factual matter, defendants will be unable to implement the permit program at some unknown point in the future. The former is a classic facial challenge that the Court can resolve by evaluating the text of Measure 114, relevant precedent, and theoretically assessing expert testimony at trial—although that is unnecessary here because *N.Y. State Rifle & Pistol Association v. Bruen*, 142 S.Ct. 2111, 2138 n.9 (2022) and *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008), have already concluded that permitting programs are consistent with the nation's historical tradition of firearms regulation.

The *OFF* and *Eyre* plaintiffs' latter contention is an attempt to shoehorn speculation about the future implementation of Measure 114 into a facial challenge. Such speculative facial challenges are strongly disfavored because they "threaten to short circuit the democratic process by preventing laws embodying the will of the people from being implemented in a manner consistent with the Constitution." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 451 (2008). Consequently, as defendants argue in the next section, plaintiffs can only survive summary judgment on this sort of facial challenge to Measure 114's implementation if they can adduce specific facts that defendants cannot implement the Measure in *any* circumstance. This is a showing that they have not and cannot make.

Page 3 -   DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY
            JUDGMENT

## ARGUMENT

**I.     The Court should grant defendants summary judgment against plaintiffs' facial challenge to the implementation of Measure 114.**

To survive summary judgment on their facial challenge to the implementation of Measure 114, plaintiffs must set forth specific facts that defendants will fail to implement Measure 114 in *all* circumstances. *Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 556 (9th Cir. 2004), *abrogated on other grounds by Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022) (Stating that "[b]ecause this is a facial constitutional challenge, plaintiffs must show that there are no circumstances under which the delegation could be applied constitutionally" and affirming grant of summary judgment where "plaintiffs cannot show on this record that there is no set of circumstances in which the delegation will be constitutional[.]" (Quotation marks and citation omitted)).

Plaintiffs have failed to make that showing. As explained in defendants' motion, the uncontradicted evidence shows that defendants and permit agents—who are not defendants—are prepared to implement Measure 114. (Defs.' Mot. for Summ. J. at 9-11.)

Plaintiffs respond by arguing that "discovery has proven that the problems with the state's new permitting regime are even more extensive than [p]laintiffs anticipated." (Pls.' Opp'n at 10.) They complain that permit application information will be "manually process[ed]," that defendants will rely on an Excel database, that some applicants will experience delays at the point-of-purchase background check, and that the Oregon State Police ("OSP") are "underfunded." (*Id.* at 10-13.) But this evidence does not establish that Measure 114 cannot be constitutionally implemented in every circumstance. No witness testified that a manual process will *always* fail or that an Excel database *cannot* be used to administer the permit program. Indeed, the witnesses said the opposite. (Decl. of Greg Scott, Ex. 1 (Dep. of Wendy Landers

**Page 4 -    DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

(ECF 186-1) at 14:20-21 ("we're ready to do it tomorrow"), 15:23-16:3 (confirming OSP is "ready and prepared to process applications . . . now"), 21:14-22:9 (OSP will use Excel to administer permits).) Nor does the evidence demonstrate that every permit applicant will experience delays obtaining a point-of-purchase background check. To the contrary, plaintiffs admit that OSP's existing background checks are approved automatically "approximately 40% of the time." (Pls.' Mot. for Summ. J. and Tr. Br. ("Pls.' Mot. for Summ. J.") (ECF 165) at 38.) Furthermore, plaintiffs offer no evidence that Oregon's state courts, which can review permitting decisions 30 days after application, Measure 114 § 5(1), (5), will fail to correct constitutional violations in every case where such violations occur.

Plaintiffs also contend that OSP and permit agents cannot issue permits because the FBI will not process fingerprint backgrounds checks. As defendants argued in their motion, OSP can and will meet Measure 114's background check requirements, Measure 114 § 4(1)(e), even though the FBI presently will not process fingerprint checks. (Defs.' Mot. for Summ. J. at 11-12.) Plaintiffs have not cited any provision of Measure 114 that requires the FBI to run a fingerprint check before a permit agent can issue a permit. And even if it did, such a provision would be a nullity that the Court can sever.[4] (*Id.*)

Plaintiffs also speculate that some permit agents may refuse to issue permits absent a fingerprint check, which is nothing more than that—speculation. (Pls' Opp'n at 12.) They cite no evidence or testimony—and none exists—demonstrating that every permit agent will always deny every permit absent an FBI fingerprint check. The evidence, in fact, suggests the opposite.

---

[4] Plaintiffs suggest that this contention means that defendants are conceding that Measure 114 is unconstitutional. (Pls.' Opp'n at 22.) But the fact that Oregon voters have no power to compel the FBI to act—and that any such attempt would be a nullity—is a matter of federalism that has nothing to do with plaintiffs' constitutional rights.

Page 5 -   DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY
            JUDGMENT

Sheriff Bowen made clear that if Measure 114 "goes into effect . . . I will do everything I possibly can to facilitate those steps needed to purchase a firearm." (Second Decl. of Becca Dodd ("2nd Dodd Decl."), Ex. 4, Bowen Dep. at 95:17-24 (ECF 164-4).) Plaintiffs further offer no reason to think that the Oregon state courts would fail to correct such an error as part of the review process provided by Measure 114. Measure 114 § 5(5), (6).

All told, plaintiffs offer the Court nothing but speculation that some applicants may be unable to timely obtain permits or purchase firearms in some circumstances, or that the OSP may not be able to implement Measure 114 in some circumstances. Such speculation about hypothetical future events does not support a facial challenge. *Chicanos Por La Causa, Inc. v. Napolitano*, 558 F.3d 856, 866 (9th Cir. 2009), *aff'd sub nom. Chamber of Com. of U.S. v. Whiting*, 563 U.S. 582 (2011) ("a speculative, hypothetical possibility does not provide an adequate basis to sustain a facial challenge"). That is particularly acute here, given that Measure 114 allows permit decisions—or the permit agent's failure to render a permit decision—to be challenged in state court after thirty days. The Court should grant defendants' summary judgment against plaintiffs' facial challenges to the implementation of Measure 114.

## II.    Plaintiffs' as-applied challenge is unripe.

A claim does not present a ripe case or controversy as required by Article III of the Constitution if it rests upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 793 (9th Cir. 2012) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)); *see also Witt v. Dept. of Air Force*, 527 F.3d 806, 812-13 (9th Cir. 2008) (holding that procedural due process claim was unripe where injury "may or may not occur" (citation omitted)). As defendants argued in their motion, plaintiffs' claims regarding implementation are unripe because (1) no plaintiff has applied for a permit and, therefore, no plaintiff has suffered any injury and (2) plaintiffs' arguments about

Page 6 -    DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY
            JUDGMENT

hypothetical difficulties implementing Measure 114 are speculative and therefore nonjusticiable. (Defs.' Mot. for Summ. J. at 12-19.)

Plaintiffs respond by arguing that they "have been subject to a very 'credible threat' that they will have to suffer the very injury they seek to avoid." (Pls.' Opp'n at 15 (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 n.5, 159 (2014).) But plaintiffs have not established any such "credible threat." As a legal matter, the Supreme Court's "credible threat" jurisprudence turns on whether a plaintiff is facing a "credible threat" of "an actual arrest, prosecution, or other enforcement action," *Susan B. Anthony List*, 573 U.S. at 158, not a speculative difficulty exercising a constitutional right. In any event, plaintiffs have not established any evidence that they face a threat of prosecution. Plaintiffs have introduced no evidence that they intend to engage in conduct that Measure 114 prohibits. Nor have they introduced any evidence that Measure 114 actually or imminently will be enforced. Indeed, Measure 114 is subject to a state court preliminary injunction and will face a trial in September.

As a factual matter, plaintiffs have not established *any* evidence about when they intend to apply for permits; indeed, no plaintiff has. Nor have they established a "credible threat" that defendants will fail to implement Measure 114 in such a way that plaintiffs cannot obtain a permit or can only obtain a permit under an unconstitutional burden. On the contrary, the evidence adduced so far demonstrates that defendants are prepared to implement Measure 114 and that permit agents will fairly issue permits. (Defs.' Mot. for Summ. J. at 12-19; Defs.' Opp'n at 4-12.) The supposed evidence that Measure 114 cannot or will not be implemented is speculative, hypothetical, and contingent—none of which provides a basis for an as-applied challenge.

**Page 7 -   DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

In arguing otherwise, plaintiffs cite to case law that is distinguishable. Incongruously, plaintiffs cite to cases in which courts addressed the validity of a facial challenge to a law that, unlike Measure 114, had already been applied. In *Forsyth County Georgia. v. Nationalist Movement*, the plaintiff raised a facial challenge to a permitting law after having applied for a permit. 505 U.S. 123, 127 (1992). Similarly, in *Susan B. Anthony List*, the advocacy organization raised a facial challenge after it had already engaged in speech proscribed by a state law, been prosecuted under the law, and sought to engage in the same proscribed speech. 573 U.S. at 166-167. Thus, neither case addressed an as-applied challenge at all, much less countenanced speculation on theoretical implementation issues before a law had actually been implemented.

*United States v. Friday*, 525 F.3d 938 (10th Cir. 2008), undermines plaintiffs' position. That case was a criminal appeal in which a criminal defendant challenged his prosecution for hunting without a permit. *Id.* at 953-54. Notably, the Tenth Circuit held that the defendant could *not* raise an as-applied challenge to the particulars of the application process because he never applied for a hunting permit. *Id.* at 951 ("Any delay in the permitting process (even if he could prove, based on the experience of others, that it would likely have been excessive) did not affect him. Nor may he argue that he might have been improperly denied a permit; that did not happen."). So too with Measure 114.

Finally, it bears emphasizing that should the Measure 114 permitting requirements ever be applied to plaintiffs in a way in which plaintiffs disagree, Measure 114 creates a cause of action in state court to challenge the manner in which the statute was actually applied to them. (Defs.' Mot. for Summ. J. at 17-18; Measure 114 § 5.) During that process, a state trial court will conduct a *de novo* review of the permit agent's decision including any evidence relied upon

Page 8 -   DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY
            JUDGMENT

by the permit agent and any countervailing evidence from the applicant. *Id.* Further, the circuit courts can address constitutional challenges. *Cf. Sachdev v. Oregon Med. Bd.*, 312 Or. App. 392, 393 (2021) (addressing due process arguments in judicial review of agency decision).

Ultimately, like their facial challenge, plaintiffs' purported as-applied challenge is premised on hypothetical and speculative future problems with applications of Measure 114 that may or may not happen. This speculation fails to provide this Court with concrete and particularized facts showing an actual or imminent invasion of the plaintiffs' constitutional rights. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). This Court should not entertain plaintiffs' speculation about prospective events and applications of Measure 114's permit requirement. *Hoye v. City of Oakland*, 653 F.3d 835, 859 (9th Cir. 2011) ("Any resolution of [plaintiff's] paradigmatic as-applied challenge could only be relevant to future applications of the Ordinance. We have previously declined to entertain as-applied challenges that would require us to speculate as to prospective facts." (citations omitted)).

## CONCLUSION

For the reasons above and in the cross-referenced briefing, the Court should dismiss or grant summary judgment against plaintiffs' facial and as-applied challenges to implementation of Measure 114.

DATED: May 22, 2023.

        ELLEN ROSENBLUM
        ATTORNEY GENERAL
        FOR THE STATE OF OREGON

By:  *s/ Harry B. Wilson*
      Harry B. Wilson, OSB #077214
      HarryWilson@MarkowitzHerbold.com
      Hannah K. Hoffman, OSB #183641
      HannahHoffman@MarkowitzHerbold.com
        *Special Assistant Attorneys General for Defendants*

**Page 9 -   DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

>                                                            Brian Simmonds Marshall, OSB #196129
>                                                            brian.s.marshall@doj.state.or.us
>                                                            *Of Attorney for Defendants*

2000232