**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Hannah K. Hoffman, OSB #183641**
HannahHoffman@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201-3412
(503) 295-3085

    Special Assistant Attorneys General for Defendants

**Ellen F. Rosenblum, OSB #753239**
Attorney General
**Brian Simmonds Marshall, OSB #196129**
Senior Assistant Attorney General
Brian.S.Marshall@doj.state.or.us
**DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
(971) 673-1880

    Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TINA KOTEK, et al.,<br><br>    Defendants,<br><br>and | Case No. 2:22-cv-01815-IM (lead case)<br>    3:22-cv-01859-IM (trailing case)<br>    3:22-cv-01862-IM (trailing case)<br>    3:22-cv-01869-IM (trailing case)<br><br>**LEGAL MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' BILL OF COSTS** |

Page 1 –    LEGAL MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' BILL
             OF COSTS

| |
|---|
| OREGON ALLIANCE FOR GUN SAFETY, |
| Intervenor-Defendant. |
| MARK FITZ, et al., |
| Plaintiffs, |
| v. |
| ELLEN F. ROSENBLUM, et al., |
| Defendants. |
| KATERINA B. EYRE, et al., |
| Plaintiffs, |
| v. |
| ELLEN F. ROSENBLUM, et al., |
| Defendants, |
| and |
| OREGON ALLIANCE FOR GUN SAFETY, |
| Intervenor-Defendant |
| DANIEL AZZOPARDI, et al., |
| Plaintiffs, |
| v. |
| ELLEN F. ROSENBLUM, et al., |
| Defendants. |

## CERTIFICATION

Pursuant to Local Rule 7-1(a)(1), counsel for Governor Tina Kotek, Attorney General Ellen Rosenblum, and Superintendent of the Oregon State Police Casey Codding (the "State Defendants") conferred by videoconference with plaintiffs' counsel and intervenor-defendant's

**Page 2 –** LEGAL MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' BILL OF COSTS

counsel on August 11, 2023. All parties agree that 28 U.S.C. § 1920 permits the intervenor-defendant and the State Defendants to recover all costs set forth in their respective bills of cost, with interest to accrue until satisfaction. All parties further agree that, given the pendency of plaintiffs' appeals of the Court's judgment, the Court should stay enforcement of its order awarding intervenor-defendant's and the State Defendants' costs until all appeals are final.

## ARGUMENT

This case came before the Court in a bench trial on May 30 and June 5-9, 2023. The Court issued findings of fact and conclusions of law in favor of defendants on all of plaintiffs' claims on July 14, 2023. Judgment entered in each of the consolidated cases on July 31. This Bill of Costs is timely under Fed. R. Civ. P. 54(d)(1) and Local Rule 54-1(a)(1).

The prevailing party in a federal action is entitled to costs, sworn to by affidavit or declaration that each item is correct and has been necessarily incurred. Fed. R. Civ. P. 54(d)(1); Local Rule 54-1(a)(1); 28 USC §§ 1920, 1924. "Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party, and a district court has limited discretion to deny fees under the rule." *Goldberg v. Pac. Indem. Co.*, 627 F.3d 752, 758 (9th Cir. 2010). Costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. *Great Am. Ins. Co. v. Jackson*, No. 3:16-cv-02016-BR, 2018 WL 624107, at *3 (D. Or. Jan. 30, 2018). In a case with multiple losing parties, the parties will typically be jointly and severally liable for costs, although the court has discretion to apportion costs among the parties. *See Hartung v. CAE Newnes, Inc.*, No. 00-cv-1400-BR, 2002 WL 31972394, at *2 (D. Or. July 2, 2002) (Brown, J.) ("When dividing the costs among multiple parties on one side of the bar, the court may choose to impose costs jointly and severally or to apportion the costs to each of them individually. The default rule, however, is imposition of the full amount of costs jointly and severally among the non-prevailing parties. Thus, the burden is

Page 3 –    LEGAL MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' BILL
            OF COSTS

on the non-prevailing parties to show the costs should be apportioned among them.") (citing *In re Paoli Railroad Yard PCB Litigation*, 221 F.3d 449, 469 (3d Cir. 2000)).

Taxable costs include the following:

    (1) Fees of the clerk and marshal;

    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5) Docket fees under section 1923 of this title;

    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 USC § 1920(1)-(6).

The following chart summarizes the State Defendants' taxable costs during the course of litigation:

| Category | Cost |
| --- | --- |
| Service | $1,506.98 |
| Transcripts | $45,692.97 |
| Printing | $8,446.65 |
| Other - Deposition Videos | $12,121.88 |
| **TOTAL** | **$67,768.48** |

Defendants provide detail for the costs incurred in connection with the case, along with supporting invoices, in the declaration accompanying this motion and Exhibits 1 and 2 to the Bill of Costs. All the costs sought by defendants were reasonably and necessarily incurred, were not otherwise included in the State Defendants' attorneys' hourly rates, and were either actually paid by the State Defendants or are the subject of outstanding bills. (Decl. of Harry Wilson ¶¶ 4-9.)

**Page 4 –**    **LEGAL MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' BILL OF COSTS**

Furthermore, each of the State Defendants' claimed costs are recoverable. The State Defendants claim the cost of making copies of trial exhibits; those costs are recoverable. *Williamson v. Munsen Paving, LLC*, No. CV 09-736-AC, 2011 WL 723038, at *5 (D. Or. Feb. 22, 2011) ("Copying costs for documents used as exhibits at trial are recoverable[.]"). The State Defendants also claim the cost for service of subpoenas; those costs may be recovered. *Ireland v. Bend Neurological Assocs. LLC*, No. 6:16-CV-02054-MK, 2021 WL 2853648, at *3 (D. Or. July 8, 2021) (allowing costs for service of subpoenas). Deposition and trial transcript costs are also claimed and recoverable. *Alflex Corp. v. Underwriters Lab'ys, Inc.*, 914 F.2d 175, 177 (9th Cir. 1990); *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995) ("fees incurred in obtaining deposition transcripts may be recovered under § 1920(2)"); *Int'l Longshore & Warehouse Union, Loc. 40 v. Grain*, No. 3:13-CV-00513-AC, 2015 WL 5566439, at *2 (D. Or. Sept. 18, 2015) ("Trial transcripts are necessarily obtained for use in the case when the transcripts are 'necessary' to counsel's effective performance or the court's handling of the case." (cleaned up)). Finally, the costs of videos of depositions, in addition to transcripts, may be recovered where necessarily obtained for use in the case, as they are here. *Doe v. Cargol*, No. CV 03-248-PHX-SMM, 2006 WL 8440659, at *4 (D. Ariz. Dec. 12, 2006) (so stating).

## CONCLUSION

For the above reasons, the State Defendants ask the Court to award them costs in the amount of $67,768.48.

DATED: August 14, 2023.　　　MARKOWITZ HERBOLD PC

*s/ Harry B. Wilson*
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Hannah K. Hoffman, OSB #183641
HannahHoffman@MarkowitzHerbold.com
*Special Assistant Attorneys General for Defendants*

Brian Simmonds Marshall, OSB #196129
brian.s.marshall@doj.state.or.us
*Of Attorney for Defendants*

2026283

**Page 6 –**　　LEGAL MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' BILL OF COSTS